SAMUEL MATTIKOW, Appellant, *v.* EPHRAIM SUDARSKY et al., as Executors of ELEAZER CEDAR, Deceased, Respondents.

**Partnership — contract — Statute of Frauds — accounting — oral contract for partnership in lands enforceable — erroneous dismissal of complaint in action to compel accounting on ground contract was void under Statute of Frauds — lands acquired by defendant for joint adventure held as trustee for benefit of himself and partner after payment of debts and adjustment of equities — accounting should be directed accordingly.**

1. An oral contract for a partnership in lands is enforceable under the Statute of Frauds.

2. In an action to dissolve a joint adventure, to compel an accounting and the execution of a deed, where the trial court found that plaintiff and defendant had made an oral agreement to form a partnership for the purchase of real estate, plaintiff contributing his knowledge and defendant the necessary cash, the profits to be equally divided after paying defendant his advances with interest and the plaintiff having the right at any time to receive a conveyance of one-half interest in lands so purchased upon payment of one-half of the advances made thereon by the defendant, it is error to dismiss the complaint on the ground that the agreement is void under the Statute of Frauds. The court should have decided that defendant held lands, acquired for the benefit of the joint adventure, as personal property, as trustee to pay debts and adjust equities, and then became a trustee of the remainder, as real estate, for the benefit of plaintiff and defendant equally, and have directed an accounting accordingly. (*Pounds* v. *Egbert*, 117 App. Div. 756, distinguished.)

*Mattikow* v. *Sudarsky*, 222 App. Div. 833, reversed.

(Argued June 7, 1928; decided June 19, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 23, 1928, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint on the merits by the court on trial at Special Term.

*David T. Smith, Meier Steinbrink* and *Harold M. Kennedy* for appellant. The contract is severable; hence the Statute of Frauds is not a complete defense. (*Chester* v. *Dickerson,* 54 N. Y. 1; *Traphagen* v. *Burt,* 67 N. Y. 30; *Burkhardt* v. *Walsh,* 49 App. Div. 634; *Howell* v. *Garrett & Co.,* 218 App. Div. 322; *The Wellsville* v. *Geisse,* 3 Ohio St. 333; *Strauss* v. *Yeager,* 48 Ind. App. 488; *Wooten* v. *Walters,* 110 N. C. 251; *Pierson* v. *Crooks,* 115 N. Y. 528; *Stokes* v. *Foote,* 172 N. Y. 327.) Defendant occupied a fiduciary position with respect to the plaintiff. (*Wood* v. *Rabe,* 96 N. Y. 414; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313.)

*Albert Conway, Meyer Kreeger* and *Dennis M. Hurley* for respondent. The claimed agreement is one indivisible and inseparable contract. (*Gorse* v. *Lynch,* 36 Misc. Rep. 150; *Central N. Y. Tel. Co.* v. *Averill,* 58 Misc. Rep. 59.) No trust element is involved in the instant case. (*Wood* v. *Rabe,* 96 N. Y. 414; *Ryan* v. *Dox,* 34 N. Y. 307; *Angel* v. *Smith,* 6 App. Div. 251; *Barnes* v. *Courtwright,* 31 Misc. Rep. 60; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Burkhardt* v. *Walsh,* 49 App. Div. 634.)

POUND, J. Since the trial of this case the original defendant Eleazer Cedar died, and his personal representatives have been substituted as defendants. He is referred to herein as defendant. The trial court has found that plaintiff and defendant made an oral agreement to form a partnership for the purchase of real estate, plaintiff contributing his knowledge, and defend-

ant the necessary cash, the profits to be equally divided after paying defendant his advances with interest, and the plaintiff having the right at any time to receive a conveyance of one-half interest in lands so purchased upon payment of one-half of the advances made thereon by the defendant.

In this action to dissolve the joint adventure, to compel the defendant to account, and to compel him also to execute a deed, the complaint has been dismissed, without hearing the evidence for the defense, on the ground that the agreement is void under the Statute of Frauds. Not only has there been a refusal to compel the execution of a deed; there has been a refusal even to compel an accounting as to profits or to charge the defendant with any obligations as to the lands said to have been acquired for the benefit of the joint adventure.

The question whether an oral contract for a partnership in lands is enforceable under the Statute of Frauds has been repeatedly answered in the affirmative by the decisions of this court.

" It is established, by abundant authority in this State, that a partnership may exist in reference to the purchase, sale and ownership of lands, and that it may be created by a parol agreement." (*Traphagen* v. *Burt*, 67 N. Y. 30, 33, citing *Chester* v. *Dickerson*, 54 N. Y. 1, where the rule was stated but as *dictum* only.)

" Real estate purchased as partnership property is not within the prohibition of the statute. In the first place, it is not the case where the consideration is paid by one person and a conveyance taken in the name of another. The consideration is paid by all. It is not, therefore, within the letter of the statute. But a more substantial reason is, that property thus held is regarded as personal property, for the purpose of paying debts and adjusting the equities between the partners; and the individual member holding the legal title is a trustee for the partnership in respect to the property as personalty; and when

the debts are paid and the claims of the several members as between themselves paid, the trust for partnership is discharged and a trust results to the other members of the firm, and the heirs of such as have died, in the remainder, by operation of law, which is saved by section 50 of the statute, and the holder of the legal title then becomes a trustee of such remainder, as real estate for the benefit of persons interested. Such a trust is not prohibited, nor is it necessary for parties claiming the benefit of it to bring themselves within the exception in section 53." (*Fairchild* v. *Fairchild,* 64 N. Y. 471, at pp. 479, 480.)

It was sought in *Pounds* v. *Egbert* (117 App. Div. 756) to distinguish this case from the authorities cited. The case is not in point. It came up on an appeal from a judgment which did not adjudge that the premises in question were partnership property but on the contrary decreed specific performance of the agreement to convey land and as incidental to that relief directed an accounting to ascertain the contributions of each party. While the court held that specific performance could not be had, it granted a new trial to determine the question whether a partnership was ever formed between the parties. Here the contract of partnership was established and the question is whether plaintiff is entitled to any relief. While the complaint demands relief by way of specific performance it also demands dissolution of the partnership, an accounting and such other or further relief as may be proper.

The equitable jurisdiction over partnerships is a necessary outgrowth of the jurisdiction over accounting. (*King* v. *Barnes,* 109 N. Y. 267, 286.) No question of the indivisibility of contracts presents itself in this case. The question is altogether one of the proper relief to be granted in an action for accounting between partners. If the relief asked for goes too far, it does not follow that no relief can be granted. The court should have decided,

on the evidence before it, that defendant held the land as personal property as trustee to pay debts and adjust equities, and then became a trustee of the remainder as real estate for the benefit of plaintiff and defendant equally, and should have directed an accounting accordingly.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed.