■ ALBERT E. JOHNSON, Individually and as a Partner of JOHNSON'S GARAGE, Appellant, v GEORGE H. JOHNSON et al., Individually and as Partners of JOHNSON'S GARAGE, Respondents. — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered July 31, 1984 in Rensselaer County, which granted defendants' motion for partial summary judgment.

On August 12, 1959, defendants purchased an unimproved parcel of land in the City of Troy, Rensselaer County. With the proceeds from a mortgage on the property executed the same date, they erected a one-story cinder block garage suitable for repairing automobiles. Two years later, they entered into a partnership with plaintiff, their brother, for the purpose of running such a repair shop. That partnership agreement was oral, though the parties did execute a certificate of partnership in October of 1961. According to plaintiff, it was agreed that the partners would be coequals and "everything they had relating to the business", including the realty, was to be partnership property. In 1966, consistent with plaintiff's assertion, the three brothers were jointly named as grantees of several lots adjoining the garage, which they purchased for storage purposes.

For over 20 years thereafter, the three brothers operated the garage. Income and expenses generated by the business were shared equally. Not only was the initial $10,000 mortgage encumbering the property paid in installments out of partnership revenues, but, in 1970, another $10,000 mortgage on the

property was obtained by defendants which was also satisfied from partnership funds.

While plaintiff was visiting Europe in August of 1982, defendants ceased doing business and began divesting the partnership property, allegedly without plaintiff's consent. Plaintiff then commenced the instant action seeking a dissolution of the partnership and a declaration that he was an equitable owner of the real property which defendants brought to the partnership in 1961. After issue was joined, defendants moved for partial summary judgment, claiming primarily that inasmuch as the partnership agreement is oral, the Statute of Frauds bars plaintiff from establishing any interest in the realty. Special Term agreed and this appeal by plaintiff ensued from the granting of defendants' motion.

The issue central to this appeal is whether, absent a writing, a partner may be permitted to establish that real property which is now, and prior to the formation of the partnership was, held in the names of some of the partners is indeed partnership property for dissolution purposes. It is defendants' contention that a parol arrangement to contribute real property to a partnership is prohibited by the Statute of Frauds, which, *inter alia,* forbids the creation of an interest in real property by oral agreement (General Obligations Law § 5-703). Plaintiff, on the other hand, maintains that such an agreement is beyond reach of the Statute of Frauds because his interest in the real property is in the nature of a trust, coming about by the doctrine of equitable conversion. We find that there is more than an ample degree of merit and palpable sense to plaintiff's position.

It is a reasonably ancient and durable rule that real estate purchased as partnership property is not within the Statute of Frauds (*Fairchild v Fairchild,* 64 NY 471, 479; *see, Mattikow v Sudarsky,* 248 NY 404, 406-407; *Traphagen v Burt,* 67 NY 30, 33; *Chester v Dickerson,* 54 NY 1). Whatever the business of the partnership, realty acquired for commercial purposes pursuant to the parol partnership agreement and: "appropriated to those purposes, and paid for by partnership funds, becomes partnership property, and it is not material in what manner or by what agency the land is purchased, or in what name it stands * * * If it has been paid for with partnership effects it is then a question of intention * * * whether the land is to be treated as partnership property." (*Fairchild v Fairchild, supra,* p 477; *see, King v Barnes,* 109 NY 267, 285.) For the purpose of reconciling the equities between the partners, the real property is said to have been equitably converted to personalty and is to be dealt with as such until the needs of the partnership are met; hence, it is

outside the Statute of Frauds (*Mattikow v Sudarsky, supra,* pp 406-407). As a consequence, those occasions when a party does not seek specific performance of an oral promise to convey lands (*cf. Pounds v Egbert,* 117 App Div 756, 759), but rather an accounting of competing interests in a now defunct partnership, are peculiarly within the court's equitable jurisdiction (*King v Barnes, supra,* p 286; *see, Mattikow v Sudarsky, supra,* p 407). It seems equally just and fitting for courts exercising equitable power to bring the same rules to bear when confronting disputes over real property allegedly contributed to a partnership by oral agreement.

Here, canceled checks drawn on the firm's account and clerical records of the business lend substance to plaintiff's claim that, from 1961 to 1982, partnership funds defrayed the cost of mortgage obligations, property taxes and all maintenance expenses associated with the very property on which the business operated. These supported allegations raise a question of intention respecting whether the land should be viewed as the separate property of defendants or as equitably converted to partnership property. Such questions are inappropriate for resolution by summary judgment.

Order reversed, on the law, with costs, and motion denied. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.