■ THOMAS P. WALSH, Respondent, v BENNETT RECHLER et al., Appellants.—In an action, *inter alia,* for an accounting, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 8, 1988, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this complaint, the plaintiff alleges that he orally entered into a joint venture agreement with the defendants, based upon which he seeks an accounting and a sum of money equal to 20% of the value of new acquisitions of real property. The defendants' principal claim is that the purported oral agreement is void under the Statute of Frauds.

Whether the alleged oral agreement be characterized as a partnership, as described by plaintiff in his deposition, or a joint venture, as asserted in the complaint, we have held that such oral agreements to deal in real property are not rendered void by the Statute of Frauds *(see, Ackerman v Landes,* 112 AD2d 1081; *Elias v Serota,* 103 AD2d 410; *Pace v Perk,* 81 AD2d 444; *see also, Walsh v Henning,* 31 Misc 2d 871, *affd* 16 AD2d 707). The rationale underlying this rule is that realty acquired for commercial purposes, pursuant to a parol partnership agreement, becomes partnership property *(see, Johnson v Johnson,* 111 AD2d 1005). As such, "[f]or the purpose of reconciling the equities between the partners, the real property is said to have been equitably converted to personalty and is to be dealt with as such" *(Johnson v Johnson, supra,* at 1006; *see also, Mattikow v Sudarsky,* 248 NY 404; *Fairchild v Fairchild,* 64 NY 471; *Elias v Serota, supra; Pace v Perk, supra).* Accordingly, the plaintiff is not, as the defendants assert, seeking to acquire an interest in the land, but is asserting an alleged interest in claimed partnership assets *(see, Johnson v Johnson, supra).* Viewed in this light, the Statute of Frauds cannot be considered a bar to the plaintiff's claim, which must ultimately be tested at trial.

We have considered the defendants' remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.