■ JACK D. LIFFITON, Appellant, v ROSE DiBLASI et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff commenced this action claiming that he has a 25% equitable interest in a piece of real property in the Town of Clarence by virtue of an alleged oral partnership agreement with defendant James DiBlasi to purchase said property. Plaintiff's complaint alleges that in the Spring of 1985, he and defendant James DiBlasi entered into a partnership agreement to purchase the property, that it was agreed that legal title to the property would be held in the name of defendant Rose DiBlasi, and that, by virtue of this agreement, plaintiff had a 25% equitable interest therein. The property was purchased by Rose at a foreclosure sale. Two years after the purchase, when Rose entered into a contract to sell the property at a profit, plaintiff commenced this action. Defendants answered and asserted, *inter alia,* as an affirmative defense, that plaintiff never acquired any right or title to the premises and that any interest therein is unenforceable and barred by the Statute of Frauds. Special Term apparently agreed with defendants by summarily granting their motion to dismiss plaintiff's complaint pursuant to CPLR 3211 (a) (1). Plaintiff contends that the court mistakenly perceived this case as involving an oral contract to purchase real property which is subject to the Statute of Frauds (General Obligations Law § 5-703 [1], [2]; *Anostario v Vicinanzo,* 59 NY2d 662, 663) and which must be in writing to be enforceable *(see, Sleeth v Sampson,* 237 NY 69, 72-73; *Hallaway Props. v Bank of N. Y.,* 155 AD2d 897, 898, *lv denied* 75 NY2d 711). We agree. This is an action to enforce an oral partnership agreement. The Statute of Frauds is not applicable to an oral partnership agreement to deal in real property because the interest of each partner in a partnership is deemed personalty *(Mattikow v Sudarsky,* 248 NY 404, 406-407; *Fairchild v Fairchild,* 64 NY 471; *Walsh v Rechler,* 151 AD2d 473; *Johnson v Johnson,* 111 AD2d 1005, 1006; *Elias v Serota,* 103 AD2d 410). Thus, plaintiff is not, as defendants assert, seeking to acquire an interest in real property, but rather is asserting an alleged interest in claimed partnership assets.

We note that defendants' motion to dismiss sought, in the alternative, an order approving the sale on such terms as the Court deemed just and proper with 25% of the proceeds to be

held in escrow pending final disposition of this lawsuit. In our view, this alternate relief is appropriate and we modify the order accordingly. Since plaintiff's claimed interest in the partnership is, under the Partnership Law, an interest in personal property (see, Partnership Law § 52), a lis pendens is not appropriate (see, McKernan v Doniger, 161 AD2d 1159), and the order is affirmed insofar as it dismissed any lis pendens filed against the real property, subject to the contract of sale. (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Dismiss Complaint.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.