■ RONNI OKUN (BIALOR), as Trustee of JENNIFER O. BIALOR, Appellant, v MANUEL BRAUNSTEIN, Respondent.—Order, Supreme Court, New York County (David Edwards, J.), entered February 23, 1990, which granted defendant's motion for summary judgment dismissing the complaint and summary judgment on his counterclaims quieting title to certain real property, unanimously reversed, on the law, the motion for summary judgment on the complaint and the counterclaims is denied and the complaint is reinstated, without costs.

Plaintiff, as trustee for her infant daughter, instituted this action seeking, *inter alia,* partition of certain property located at 122-16 Montauk Street, St. Albans, New York, which she allegedly acquired pursuant to a deed executed by her husband Charles Bialor dated October 12, 1973. Defendant Braunstein, a partner of Power Produce Company, which has operated a wholesale produce business on the premises since 1946, maintained that the purported transfer of Bialor's one-half interest in the property to plaintiff was invalid since the premises were partnership property and since the prenuptial agreement executed by Charles Bialor and plaintiff barred plaintiff's claim as trustee to any property owned by Charles Bialor. Defendant also counterclaimed for a judgment barring plaintiff and "every person claiming under her" from asserting an interest in the property and vesting defendant with an absolute and unencumbered title in fee.

Defendant thereafter moved for summary judgment dismissing the complaint and for judgment on his counterclaim. The Supreme Court granted defendant's motion for summary judgment dismissing the complaint and summary judgment to quiet title to the property. The court barred plaintiff, as trustee, and every person claiming under her, from all claims to the property and declared the deed purporting to transfer Bialor's interest in the property to his wife, void. The court also vested Power Produce with absolute and unencumbered title in fee to the property.

We agree with plaintiff that issues of fact exist regarding whether the property in question was partnership property or whether Charles Bialor and defendant were co-owners. Therefore, the Supreme Court erred in awarding summary judgment.

Defendant, his brother and Bialor entered into an agreement dated March 2, 1959, in which they agreed to engage, as partners, in the wholesale produce business. This agreement was updated at various times over the years to reflect changes in ownership, terms and interests. Pursuant to the last agreement dated February 18, 1971, defendant and Bialor held undivided one-half interests in the property, as tenants in common, after purchasing defendant's brother's interest for $46,000.

The record fails to establish whether the consideration for the purchase was paid out of partnership funds. Nor does the deed recorded in 1967 clearly indicate whether the property was owned individually or by the partnership. Charles Bialor did not submit an affidavit nor were cancelled checks or clerical records of the business introduced to demonstrate whether partnership funds defrayed the cost of mortgage obligations, property taxes or maintenance expenses (see, Johnson v Johnson, 111 AD2d 1005). Plaintiff's acknowledgment of the partnership in the prenuptial agreement does not resolve the issue in defendant's favor. The intent of the parties as to whether the property was to be considered separate property or partnership property remains unclear and is inappropriate for resolution by summary judgment (Johnson v Johnson, supra). In any event, plaintiff instituted this action as trustee for her infant daughter.

We further note that it was inappropriate for the court to quiet title to the property in Power Produce Co. since defendant did not request such relief and since the company was not a party to the action (RPAPL 1521 [1].) Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.