■ ANGELA RUBIN, Respondent, v JEROLD RUBIN, Appellant. [612 NYS2d 877] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Fierro, J.), dated September 5, 1991, which denied his motion, denominated as one for leave to renew his prior motion to vacate and set aside a judgment of divorce dated January 22, 1988, which prior motion had been denied by an order of the same court dated April 5, 1991.

Ordered that the appeal is dismissed, with costs.

The defendant first moved to vacate the judgment of divorce, which had been granted after an inquest following his default in answering the summons with notice, on the ground of lack of personal jurisdiction. A traverse hearing was held, at the conclusion of which the court found that he had been properly served and denied the motion. The defendant thereafter sought leave to renew the prior motion to vacate but now essentially on the ground that he had recently obtained evidence that the plaintiff had committed fraud in procuring the judgment. The Supreme Court denied the motion for leave to renew, finding that the defendant had failed to submit any new or additional facts which could not have been submitted earlier.

The appellant's motion, although characterized as one for renewal, was not based upon new facts which were unavailable at the time of the original motion and it is therefore actually a motion to reargue, the denial of which is not appealable (see, Huttner v McDaid, 151 AD2d 547; Mackey v Mackey, 151 AD2d 554; Mgrditchian v Donato, 141 AD2d 513). Even if the motion were deemed to be one for leave to renew, we would find that it was properly denied because the defen-

dant failed to offer a reasonable excuse as to why the additional facts were not submitted at the time of the original motion *(see, Mayer v McBrunigan Constr. Corp.,* 123 AD2d 606).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.