■ MOSES BARASH, Respondent-Appellant, v ESTATE OF RALPH SPERLIN et al., Appellants-Respondents, et al., Defendants. [706 NYS2d 439] —In an action, *inter alia*, for an accounting, the defendants Estate of Ralph Sperlin, Debbie Sperlin, Chanina Sperlin, Dovie Sperlin, Sperlin/Barash Partnership, Wilmhoor Equities, Inc., Willmohr Equities L. L. C., Plaza Wilmohr Realty Corp., and K & S Equities, Inc., appeal from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated January 11, 1999, as denied those branches of their motion which were to dismiss causes of action 1 through 18 asserted in the amended complaint insofar as asserted against them, and the plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that causes of action 1 through 18 asserted in the amended complaint are not barred by the applicable Statutes of Limitation. The plaintiff's claims of withheld profits, etc., constitute a continuing wrong which accrued anew each time the defendants collected income and profits from the allegedly co-owned property and failed to give the proper percentage thereof to the plaintiff. Accordingly, as to any such proceeds retained by the defendants during the applicable Statute of Limitations periods immediately preceding the commencement of this action, all of the plaintiff's claims are timely (*see, e.g., Butler v Gibbons,* 173 AD2d 352). The Supreme Court also properly determined that there were insufficient facts presented in support of the appellants' motion to apply the doctrine of laches to bar the plaintiff's action.

To the extent that the plaintiff asserts that he and the now-deceased Ralph Sperlin had an oral agreement dating back to 1982 to form a "partnership" or a "joint venture" to deal in real property, his claim is not subject to the requirement of the Statute of Frauds that it be evidenced by a writing (*see,* General Obligations Law § 5-703) because the interest of each partner or joint venturer is deemed "personalty" (*see, e.g., Mattikow v Sudarsky,* 248 NY 404; *Walsh v Rechler,* 151 AD2d 473; *Elias v Serota,* 103 AD2d 410, 413; *Pace v Perk,* 81 AD2d 444, 458). In support of his alternative "cotenancy" theory, the plaintiff submitted a memorandum dated in 1985 which satisfies all of the conditions of the Statute of Frauds except for the requirement that the "complete agreement" of the parties be set forth (*see, e.g., Natuzzi v Rabady,* 177 AD2d 620, 622-623). However, when this memorandum is coupled with certain checks made out to the plaintiff by two of the defendants in 1993 and 1995, there are issues of fact as to part performance, and dismissal of the action as a matter of law at this early stage of the proceedings would be premature (*see, e.g., Gross v Vogel,* 81 AD2d 576, 577).

The remaining contentions of the appellants-respondents are without merit. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.