■ DEBRA PISCIOTTO, Appellant-Respondent, v WILLIAM DRIES, Respondent-Appellant. [760 NYS2d 526] —In an action, inter alia, to impose a constructive trust upon a parcel of real property, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 29, 2002, as denied her motion for summary judgment dismissing the defendant's counterclaims as barred by the statute of frauds, and granted that branch of the defendant's cross motion which was for summary judgment dismissing her first cause of action as time-barred, and (2), so much of an order of the same court, entered May 20, 2002, as denied that branch of her motion which was for leave to renew, and the defendant cross-appeals from so much of the order dated January 29, 2002, as denied that branch of his cross motion which was for summary judgment dismissing the second cause of action as barred by the statute of frauds.

Ordered that the order dated January 29, 2002, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered May 20, 2002, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly denied that branch of the plaintiff's motion which was for leave to renew on the ground

that the plaintiff offered no valid excuse for failing to submit the additional facts in support of the original motion (*see Palmer v Toledo,* 266 AD2d 268, 269 [1999]; *Rubin v Rubin,* 203 AD2d 272 [1994]).

The gravamen of the plaintiff's first cause of action to impose a constructive trust is that the defendant wrongfully acquired his one-half interest in the subject property. Accordingly, the Supreme Court properly dismissed that cause of action as time-barred, since it was commenced more than six years after the defendant's alleged wrongful acquisition of the property (*see* CPLR 213 [1]; *Loengard v Santa Fe Indus.,* 70 NY2d 262, 267 [1987]; *Mazzone v Mazzone,* 269 AD2d 574 [2000]; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501, 503 [1993]; *Dybowski v Dybowska,* 146 AD2d 604, 605 [1989]; *Mattera v Mattera,* 125 AD2d 555, 556-557 [1986]; *cf. Sitkowski v Petzing,* 175 AD2d 801, 802 [1991]; *Bey Constr. Co. v Yablonski,* 76 AD2d 875, 876 [1980]).

The Supreme Court correctly denied that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's second cause of action to recover $200,000 allegedly representing the plaintiff's loan to him. An issue of fact exists as to whether the loan was made to him or to his corporation, or whether the loan represented the plaintiff's investment in the defendant's corporation.

The Supreme Court also correctly denied the plaintiff's motion for summary judgment dismissing the defendant's counterclaims, which are based on an alleged interest in partnership assets, as barred by the statute of frauds. The statute of frauds does not render void oral partnership agreements to deal in real property because the real property becomes partnership property (*see Mattikow v Sudarsky,* 248 NY 404, 405 [1928]; *Barash v Estate of Sperlin,* 271 AD2d 558, 559 [2000]; *Walsh v Rechler,* 151 AD2d 473 [1989]). As such, the real property is said to have been equitably converted to personalty (*see Mattikow v Sudarsky, supra* at 406-407; *Barash v Estate of Sperlin, supra; Walsh v Rechler, supra*), and the statute of frauds is not a bar to the defendant's counterclaims. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.