■ JOSEF FRIED, Appellant, v MARCELLO VALENZANO et al., Respondents. [776 NYS2d 481]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered July 31, 2003, which, in an action for specific performance, dismissed the complaint after a nonjury trial, unanimously affirmed, without costs.

The writing on which plaintiff relies, liberally construed in his favor, purports to form a joint venture between the parties for the purpose of selling any of defendants' properties in Harlem as might be selected by plaintiff. There is not the slightest indication in the writing of any agreement by defendants to convey any lands to plaintiff. No such intent can be discerned in the clauses of the writing under which plaintiff was to pay defendants $1,000 per frontal foot on any property selected for the joint venture, and, along with defendants, have a right of first refusal on the sale of any such property. These clauses, like the others in the writing, merely set forth the parties' rights and obligations to each other as venturers. Nor can plaintiff resort to parol evidence to show that conveyances to him were intended (General Obligations Law § 5-703 [2]; see O'Brien v West, 199 AD2d 369). Accordingly, plaintiff has no cause of action for specific performance of a contract to convey lands. Nor should there be a remand to adjust any outstanding equities (cf. Mattikow v Sudarsky, 248 NY 404 [1928]). Plaintiff never asked for an accounting, and, while his complaint alleges that he spent $4,500 for title searches and attorney due diligence fees, no evidence concerning such expenses was adduced at trial. We note that the writing bears the notation "Rough draft" (cf. LaRuffa v Fleet Bank, 260 AD2d 299 [1999]). Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.