ANSELMO PLUMITALLO, Appellant, v HUDSON ATLANTIC LAND COMPANY, LLC, et al., Respondents, et al., Defendant. [903 NYS2d 127]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief and a stipulation between the plaintiff and the defendant 251225 LLC dated March 2, 2010, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated January 16, 2009, as granted those branches of the motion of the defendants Hudson Atlantic Land Company, LLC, Mitch Perl, also known as Aron Perl, and Long Beach Venture, LLC, which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first, fourth, and fifth causes of action insofar as asserted against them and to dismiss the third cause of action insofar as asserted against Long Beach Venture, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Hudson Atlantic Land Company, LLC, Mitch Perl, also known as Aron Perl, and Long Beach Venture, LLC, which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first, fourth, and fifth causes of action insofar as asserted against them and to dismiss the third cause of action insofar as asserted against the defendant Long Beach Venture, LLC, are denied, with one bill of costs payable to the plaintiff by the defendants Hudson Atlantic Land Company, LLC, Mitch Perl, also known as Aron Perl, and Long Beach Venture, LLC.

The Supreme Court erred in granting the motion of the defendants Hudson Atlantic Land Company, LLC, Mitch Perl, also known as Aron Perl, and Long Beach Venture, LLC (hereinafter collectively the respondents), to dismiss the first cause of action to recover damages for breach of an alleged oral joint venture agreement insofar as asserted against them as barred by the statute of frauds (*see* General Obligations Law § 5-701). The statute of frauds does not render void oral joint venture agreements to deal in real property because the interest of each partner in a partnership is deemed personalty (*see Mattikow v Sudarsky*, 248 NY 404, 406-407 [1928]; *Fairchild v Fairchild*, 64 NY 471, 479 [1876]; *Walsh v Rechler*, 151 AD2d 473 [1989]; *Johnson v Johnson*, 111 AD2d 1005, 1006 [1985]; *Elias v Serota*, 103 AD2d 410, 413 [1984]). The plaintiff is not seeking to acquire an interest in real property, but rather, is asserting an alleged interest in joint venture assets (*see Pisciotto v Dries*, 306 AD2d 262, 263 [2003]; *Johnson v Johnson*, 111 AD2d at 1006; *Liffiton v DiBlasi*, 170 AD2d 994 [1991]).

Moreover, affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every possible inference, as a court must on a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), the third cause of action sufficiently pleaded unjust enrichment against the defendant Long Beach Venture, LLC (*see Cruz v McAneney*, 31 AD3d 54, 59 [2006]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]). "Where, as here, there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quasi-contract as well as breach of contract, and will not be required to elect his or her remedies" (*Hochman v LaRea*, 14 AD3d 653, 654-655 [2005]; *see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6 [2008]; *Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 405 [2003]).

The plaintiff's status as an alleged partner in a joint venture gives rise to a fiduciary relationship which allows the imposition of a constructive trust (*see Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *A.G. Homes, LLC v Gerstein*, 52 AD3d 546, 548 [2008]; *Mendelson v Feinman*, 143 AD2d 76, 77 [1988]). Generally, a constructive trust may be imposed when property has been acquired under such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest therein (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). Elements of a constructive trust are (1) a fidu-

ciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see A.G. Homes, LLC v Gerstein*, 52 AD3d at 547). Here, the plaintiff alleged a fiduciary relationship by virtue of his status as a partner in a joint venture (*see Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d at 1201). The plaintiff's allegations of payment of the entire downpayment, his contribution towards the project expenses, and his contribution of time in acquiring and developing the property, sufficiently alleged the "transfer in reliance" and "unjust enrichment" elements of the fourth cause of action for a constructive trust against the respondents (*see Pinkava v Yurkiw*, 64 AD3d 690, 692 [2009]; *Salatino v Salatino*, 13 AD3d 512, 513 [2004]; *Matter of Bayside Controls*, 295 AD2d 343, 346 [2002]; *Gottlieb v Gottlieb*, 166 AD2d 413, 414 [1990]).

Finally, the fifth cause of action adequately pleaded breach of fiduciary duty against the respondents (*see Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Dillon, J.P., Balkin, Belen and Lott, JJ., concur.