■ NAGUIB GUIRGUIS MALATY, Appellant, v MAKRAM N. MALATY, Respondent. [944 NYS2d 591]—

In an action, inter alia, for equitable relief, to recover damages for breach of fiduciary duty and fraud, and for a judgment declaring that the plaintiff is entitled to 10% of the net income generated by a parcel of real property located at 338 Knickerbocker Avenue in Brooklyn, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schack, J.), dated December 6, 2010, which, upon a decision of the same court dated March 2, 2010, made after a nonjury trial, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the complaint is reinstated, the plaintiff is awarded (a) a sum equal to the proceeds of the sale, in February 2002, of a parcel of real property located at 1437-1439 DeKalb Avenue, Brooklyn, plus prejudgment interest at the statutory rate from the date of sale, (b) a sum equal to 10% of the net income generated by a parcel of real property located at 338 Knickerbocker Avenue, Brooklyn, since March 2000, plus interest at the statutory rate from that date, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of proceeds generated by the sale of the parcel of real property located on DeKalb Avenue, a calculation and determination of the plaintiff's 10% interest in the net income generated by the parcel of real property located on Knickerbocker Avenue from August 2000 until the date of entry of an amended judgment, as provided for herein, and the entry of an appropriate amended judgment thereafter, awarding those sums and declaring that the defendant is obligated to pay the plaintiff 10% of the net income generated by the parcel of real property located at 338 Knickerbocker Avenue, Brooklyn, from the date of entry of the amended judgment forward.

The parties to this action are brothers. The plaintiff, who lives in Egypt, alleged that he asked the defendant, who lives in New York, to locate and identify real property in which the

plaintiff, or a corporation owned by the plaintiff, could invest. The defendant found two parcels of real property to purchase. The first parcel, located on DeKalb Avenue in Brooklyn (hereinafter the DeKalb property), was purchased in March 2000 by Cleopatra Real Estate Corp. (hereinafter Cleopatra), a corporation owned solely by the plaintiff. The DeKalb property was sold in February 2002. The second parcel of real property, located on Knickerbocker Avenue in Brooklyn (hereinafter the Knickerbocker property) was purchased in August 2000 by Sphinx of NY Realty Corp. (hereinafter Sphinx), a corporation owned and managed by the defendant. The plaintiff alleged that the defendant failed to tender him the full proceeds of the sale of the DeKalb property in February 2002. The plaintiff also alleged that he contributed towards the purchase of the Knickerbocker property as a joint venturer with Sphinx, and that the defendant refused to tender him his share of the income from that property.

Following a nonjury trial, the Supreme Court dismissed the complaint, upon concluding that the plaintiff lacked the requisite clean hands to seek equitable relief, he failed to join a necessary party, and his claims were barred by the statute of frauds.

The Supreme Court erred in concluding that the plaintiff was precluded from obtaining equitable relief because he had unclean hands, as the purportedly immoral conduct ascribed to him was not alleged to have been directed at the defendant, and the defendant was not injured by such conduct (*see National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]; *Jara v Strong Steel Door, Inc.*, 58 AD3d 600 [2009]; *Columbo v Columbo*, 50 AD3d 617, 619 [2008]).

The Supreme Court also erred in determining that the plaintiff failed to join a necessary party. The defendant failed to demonstrate that the parties' brother, Magdi, needed to be a party if complete relief was to be accorded between the plaintiff and the defendant (*see* CPLR 1001 [a]; *Spector v Toys "R" Us, Inc.*, 12 AD3d 358, 359 [2004]; *Joanne S. v Carey*, 115 AD2d 4 [1986]), or that Magdi would be inequitably affected by a judgment in this action absent his joinder (*see Matter of Castaways Motel v Schuyler*, 24 NY2d 120 [1969]; *Spector v Toys "R" Us, Inc.*, 12 AD3d at 359).

Finally, the Supreme Court erred in holding that this action was barred by the statute of frauds. The statute of frauds does not render void oral joint venture agreements to deal in real property, as the interest of each joint venturer in a joint venture is deemed personalty (*see Mattikow v Sudarsky*, 248 NY 404,

406-407 [1928]; *Fairchild v Fairchild*, 64 NY 471, 479 [1876]; *Plumitallo v Hudson Atl. Land Co., LLC*, 74 AD3d 1038 [2010]; *Walsh v Rechler*, 151 AD2d 473 [1989]). The plaintiff is not seeking to acquire an interest in real property. Rather, as regards the Knickerbocker property, he is asserting an interest in joint venture income and assets (*see Pisciotto v Dries*, 306 AD2d 262, 263 [2003]; *Johnson v Johnson*, 111 AD2d 1005, 1006 [1985]; *Liffiton v DiBlasi*, 170 AD2d 994 [1991]), and, as regards the DeKalb property, he is alleging that the defendant breached his fiduciary duty in retaining the proceeds of sale of the DeKalb property despite acting as the agent for both the plaintiff and Cleopatra.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Olympus Servicing, L.P. v Lee*, 56 AD3d 537, 538 [2008]; *ProHealth Care Assoc., LLP v Shapiro*, 46 AD3d 792 [2007]). Applying this standard here, the record supports the plaintiff's contention that he is entitled to a judgment awarding him the full proceeds from the sale of the DeKalb property. Moreover, the record establishes that the plaintiff should have been awarded a 10% interest in the Knickerbocker property from March 2000 forward.

Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the amount of proceeds generated by the sale of the DeKalb property, a calculation and determination of the plaintiff's 10% interest in the net income generated by the Knickerbocker property from August 2000 until the date of entry of an amended judgment, as herein provided, and the entry thereafter of an appropriate amended judgment awarding the plaintiff those sums and declaring that the defendant is obligated to pay the plaintiff 10% of the net income generated by the Knickerbocker property from the date of the entry of the amended judgment forward. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.