█ Spyridon Livathinos, Respondent-Appellant, v Roberta F. Vaughan, Individually and as President of Trinity Stewart Associates, Inc., Appellant-Respondent et al., Defendants. [994 NYS2d 109]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 31, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment dismissing defendant Roberta F. Vaughan's (Vaughan) affirmative defense of duress and first counterclaim, denied plaintiff's motion to estop Vaughan from admitting to the existence of an agreement that defendant James S. Vaughan is a 50% shareholder in Trinity Stewart Associates, Inc. (Trinity), granted Vaughan's motion for summary judgment dismissing the seventh and eighth cause of action, and denied her motion as to the first, second, third, fifth, sixth, ninth, eighteenth and

twenty-first causes of action, unanimously modified, on the law, to grant plaintiff's motion to estop Vaughan from admitting to the existence of an agreement that James S. Vaughan is a 50% shareholder of Trinity, and otherwise affirmed, without costs.

Having declared on the income tax returns filed for Trinity from 2001 through 2008 that she owned 100% of the company's stock, Vaughan may not assert in this litigation that defendant James S. Vaughan owned 50% of the company's stock (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]).

Vaughan's affirmative defense of duress fails because Vaughan did not promptly repudiate the subject agreement, and indeed accepted its benefits (*see Matter of Guttenplan*, 222 AD2d 255 [1st Dept 1995], *lv denied* 88 NY2d 812 [1996]).

Issues of fact exist whether a binding contract was formed between plaintiff and Vaughan by their signing of the April 2004 note.

Summary dismissal of the first and second causes of action, which seek a constructive trust, is precluded by issues of fact whether plaintiff and Vaughan were fiduciaries, whether Vaughan promised plaintiff an ownership interest in the subject project, and whether plaintiff transferred his profits from his construction work and his home equity line of credit to the project (*see generally Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). The fifth cause of action, alleging breach of oral agreements, is not barred by the statute of frauds, which does not render void oral partnership or joint venture agreements to deal in real property (*see Malaty v Malaty*, 95 AD3d 961 [2d Dept 2012]; General Obligations Law § 5-703 [3]). In light of Vaughan's contention that no agreement existed between her and plaintiff, plaintiff may plead unjust enrichment (the ninth cause of action) as well as breach of contract (*Zuccarini v Ziff-Davis Media*, 306 AD2d 404, 405 [2d Dept 2003]).

Defendant's arguments in support of summary dismissal of the sixth (breach of fiduciary duties), the eighteenth (accounting), and the twenty-first (fraudulent conveyance) causes of action are unpreserved for review and, in any event, without merit.

Vaughan's first counterclaim was untimely (CPLR 203 [d]).

Plaintiff's fraud causes of action are duplicative of his contract causes of action (*see Orix Credit Alliance v Hable Co.*, 256 AD2d 114 [1st Dept 1998]). Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.