# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**240**
**CA 14-01129**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

MARGARITA ZULEY, M.D., PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ELIZABETH WENDE BREAST CARE, LLC, WENDE
LOGAN-YOUNG, M.D., STAMATIA DESTOUNIS, M.D.,
PHILIP MURPHY, M.D., POSY SEIFERT, D.O., AND
PATRICIA SOMERVILLE, M.D., DEFENDANTS-RESPONDENTS.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (DONALD W. O'BRIEN, JR., OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS ELIZABETH WENDE BREAST CARE, LLC, STAMATIA
DESTOUNIS, M.D., PHILIP MURPHY, M.D., POSY SEIFERT, D.O. AND PATRICIA
SOMERVILLE, M.D.

BOYLAN CODE LLP, ROCHESTER (DAVID K. HOU OF COUNSEL), FOR
DEFENDANT-RESPONDENT WENDE LOGAN-YOUNG, M.D.

---------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 24,
2014. The order and judgment granted the cross motions of defendants
for summary judgment dismissing the second through fifth causes of
action and determined all other pending applications moot.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying that part of the cross
motion of defendants Elizabeth Wende Breast Care, LLC, Stamatia
Destounis, M.D., Philip Murphy, M.D., Posy Seifert, D.O., and Patricia
Somerville, M.D. with respect to the second cause of action against
them and reinstating that cause of action to that extent and as
modified the order and judgment is affirmed without costs, and the
matter is remitted to Supreme Court, Monroe County, to determine
plaintiff's motion.

Memorandum: Plaintiff, a former employee of defendant Wende
Logan-Young, M.D. (Logan-Young), and defendants Stamatia Destounis,
M.D., Philip Murphy, M.D., Posy Seifert, D.O. and Patricia Somerville,
M.D. (physician defendants) formed a limited liability corporation
(LLC) in 2006 for the purpose of purchasing Logan-Young's medical
practice. The physician defendants, however, withdrew from that LLC
in September 2006 and formed defendant Elizabeth Wende Breast Care,
LLC (collectively, EWBC defendants), which thereafter purchased the

practice for $500,000, plus other costs, in December 2007.  Plaintiff was not in Logan-Young's employ at the time of the closing.  Plaintiff commenced this action alleging, inter alia, causes of action for promissory estoppel, constructive trust and unjust enrichment.  Plaintiff alleged that, since 1999, Logan-Young had been advising plaintiff that she would sell the practice to the physicians she employed and that she intended to do so by means of a "leveraged buyout" whereby she would apply a certain amount of the profits toward the eventual purchase of the practice.  Plaintiff alleged that in 1999 Logan-Young informed her that she would apply $1.2 million per year toward a prospective sale price of $8.2 million.  In 2004, Logan-Young's attorney discussed a purchase price of $3 million with the attorney retained by plaintiff and the physician defendants in connection with discussions of a potential purchase of the practice.  Logan-Young's attorney indicated that the $3 million purchase price would be decreased by the profits from the practice pending the closing in 2006.  The attorney for plaintiff and the physician defendants responded that the price violated the "core deal that was struck years ago."  It appears from the record that negotiations were ongoing until the physician defendants withdrew from the LLC in September 2006.  Plaintiff left Logan-Young's employ in December 2006.

We conclude that Supreme Court properly granted those parts of the respective cross motions of the EWBC defendants and Logan-Young for summary judgment dismissing the promissory estoppel cause of action against them.  " 'The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise' . . . However, the doctrine of promissory estoppel is limited to cases where the promisee suffered an 'unconscionable injury' " (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 20-21; *see Chemical Bank v City of Jamestown*, 122 AD2d 530, 531, *lv denied* 68 NY2d 608).  Both the EWBC defendants and Logan-Young met their initial burden by establishing, with plaintiff's deposition testimony, that neither Logan-Young nor any of the physician defendants made a clear and unambiguous promise to plaintiff that she would be part of the group that eventually purchased the practice.  Although plaintiff established the basis for her understanding that she would be part of the purchase, she failed to raise an issue of fact whether the representations of the respective defendants constituted a " 'clear and unambiguous promise' " to her (*DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth.,* 107 AD3d 1565, 1567).

We further conclude that the court properly granted those parts of the respective cross motions of the EWBC defendants and Logan-Young for summary judgment dismissing the constructive trust cause of action against them.  It is well established that "a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121).  The requisite elements of such a cause of action are a fiduciary relationship, a promise, a transfer in reliance on the promise, and unjust enrichment (*see id.; Plumitallo v Hudson Atl. Land Co., LLC*, 74

AD3d 1038, 1039-1040).  We conclude with respect to the physician defendants that, although they had a fiduciary relationship with plaintiff as members of the LLC (*see Plumitallo*, 74 AD3d at 1040), and even assuming, arguendo, that they promised plaintiff that she would be part of the group that purchased the practice, they established that plaintiff made no transfer to them in reliance on that promise, and plaintiff failed to raise an issue of fact (*cf. Sharp*, 40 NY2d at 122; *Plumitallo*, 74 AD3d at 1040).  We conclude with respect to Logan-Young that she established that she had no fiduciary relationship with plaintiff, and plaintiff failed to raise an issue of fact whether there was such a relationship between them (*cf. Sharp*, 40 NY2d at 121-122; *Plumitallo*, 74 AD3d at 1040).

We conclude, however, that the court erred in granting that part of the cross motion of the EWBC defendants for summary judgment dismissing the cause of action for unjust enrichment against them, and we therefore modify the order and judgment accordingly.  As a preliminary matter, we conclude that the court erred in determining that the unjust enrichment cause of action was duplicative of the breach of contract cause of action (*cf. DiPizio Constr. Co., Inc.*, 107 AD3d at 1567).  We previously affirmed an order that, inter alia, granted those parts of their motions for summary judgment dismissing the breach of contract cause of action against them based on the statute of frauds (*Zuley v Elizabeth Wende Breast Care, LLC*, 82 AD3d 1673).  Inasmuch as we conclude that plaintiff's cause of action for unjust enrichment is distinguishable from the cause of action for breach of contract, dismissal of the cause of action for unjust enrichment is not required based upon the dismissal of the cause of action for breach of contract (*cf. DiPizio Constr. Co., Inc.*, 107 AD3d at 1566-1567).

"[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (*Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [internal quotation marks omitted]).  Even assuming, arguendo, that the EWBC defendants met their initial burden, we conclude that plaintiff raised an issue of fact whether Logan-Young used a portion of profits earned in part from plaintiff's efforts during her employment as payment toward the eventual purchase of the practice for a price far below the fair market value.  Plaintiff raised an issue of fact whether Logan-Young intended in 1999 eventually to sell the practice for $8.2 million and thus whether, by virtue of Logan-Young's annual application of a portion of the profit toward that price and plaintiff's willingness to forego raises or higher bonuses, the EWBC defendants were unjustly enriched by plaintiff's revenue-producing efforts during that time, in order that there would be a sufficient amount of profit to apply to the purchase price.  Plaintiff also established that Logan-Young discussed a sale price of $8.2 million in 1999; that the sale price in 2004 was $3 million; and that the sale price was eventually reduced to $500,000, with the addition of certain other costs.  Further, plaintiff established that the physician defendants were paid at the time of closing for "deferred bonuses" in an aggregate amount in excess of $3.5 million for 2006 and 2007.  Thus, we conclude that

plaintiff raised an issue of fact whether the EWBC defendants were enriched at plaintiff's expense when they excluded her from the purchase of the practice and, if so, whether it is " 'against equity and good conscience' " to deny plaintiff a remedy against them (*id.*).

We nevertheless conclude that the court properly granted that part of Logan-Young's cross motion with respect to the unjust enrichment cause of action against her, inasmuch as she established that she was not unjustly enriched at plaintiff's expense, and plaintiff failed to raise an issue of fact (*see generally id.*).

Inasmuch as the court determined that the issues raised in plaintiff's motion to compel further discovery were moot in light of its determination to dismiss the complaint in its entirety and we are now reinstating the complaint in part, we remit the matter to Supreme Court to determine the motion.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court