Eternal Beverages, Inc. v Mayer Bros. Apple Prods., Inc. (2025 NY Slip Op 07148)

Eternal Beverages, Inc. v Mayer Bros. Apple Prods., Inc.

2025 NY Slip Op 07148

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

834 CA 24-01535

[*1]ETERNAL BEVERAGES, INC., PLAINTIFF-RESPONDENT,
vMAYER BROS. APPLE PRODUCTS, INC., DEFENDANT-APPELLANT.

HARTER SECREST & EMERY LLP, BUFFALO (JOHN G. HORN OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPPES MATHIAS LLP, BUFFALO (SEAN M. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 11, 2024. The order, insofar as appealed from, denied in part the motion of defendant for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendant's motion seeking summary judgment with respect to liability on the first counterclaim, and as modified the order is affirmed without costs.
Memorandum: This action arises out of agreements by the parties pertaining to a longstanding business arrangement. Under that arrangement, defendant, an apple cider and bottled water processor, agreed to bottle spring water for plaintiff, who thereafter sold the bottled water to consumers. Defendant produced several different sizes of water bottles for plaintiff, including bottles sized at 600 milliliters, 1 liter, and 1.5 liters. In 2019, the parties discussed whether defendant would produce for plaintiff a new, 2.5-liter sized, bottle. After some back and forth on the specifics, the parties made an arrangement with respect to the production of the 2.5-liter bottles. Several months later, however, defendant ceased producing the 2.5-liter bottles. The bottles had allegedly become cost-prohibitive in light of quality issues in their production.
Subsequently, in November 2020, defendant notified plaintiff by letter that it was increasing the prices for bottling the other sizes of water bottles. Plaintiff continued to place purchase orders with defendant at the increased price levels, and—for a time—paid the resulting invoices from defendant. Plaintiff never objected to the new price increases. In December 2021, plaintiff stopped paying invoices from defendant entirely. Indeed, plaintiff did not pay invoices sent by defendant dated from December 2021 to April 2022.
Plaintiff subsequently commenced this action alleging, inter alia, that defendant breached an agreement to perform certain agreed-upon bottling services in an acceptable fashion, i.e., its failure to continue producing the 2.5-liter bottles. Defendant answered, and interposed counterclaims for breach of contract and unjust enrichment with respect to the unpaid invoices pertaining to the bottling of the other sizes of water bottles. Plaintiff moved for summary judgment on its breach of contract cause of action and sought dismissal of defendant's counterclaims. Defendant opposed plaintiff's motion and, separately, moved for partial summary judgment dismissing, inter alia, plaintiff's breach of contract cause of action, and for judgment on its counterclaims. Defendant appeals from an order insofar as it denied those parts of its motion for partial summary judgment seeking dismissal of the first cause of action and for judgment on its counterclaims.
We agree with defendant that Supreme Court erred in denying that part of its motion for [*2]partial summary judgment on its first counterclaim, for breach of contract as it pertained to the agreement to bottle water at sizes other than 2.5 liters. "It is well settled that the elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]; see Bridge Funding Cap LLC v SimonExpress Pizza, LLC [appeal No. 2], 240 AD3d 1186, 1189 [4th Dept 2025]; Pearl St. Parking Assoc. LLC v County of Erie, 207 AD3d 1029, 1031 [4th Dept 2022]).
Here, defendant met its initial burden on the motion of establishing that plaintiff breached the parties' agreement with respect to the bottled water at the 600-milliliter, 1-liter, and 1.5-liter sizes when plaintiff failed to pay invoices sent by defendant starting in December 2021 pursuant to the purchase orders issued by plaintiff. Specifically, we conclude that the November 2020 letter that contained the price increases for the aforementioned bottles constituted a proposal that plaintiff accepted—resulting in a valid contract—when it issued purchase orders in response to the letter, paid the resulting invoices for a period of over a year, and did not object to the terms of the November 2020 letter containing the price increases (see Please Me, LLC v State of New York, 215 AD3d 1149, 1151 [3d Dept 2023]; see generally UCC 2-201 [2]; 2-204 [1]; 2-207 [3]). We further conclude that, in opposition, plaintiff failed to raise an issue of fact that would warrant denial of the motion with respect to liability under the first counterclaim (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff did not submit any evidence to show that it did not issue purchase orders under the new prices set by the November 2020 letter, nor did plaintiff dispute that it paid defendant's invoices at the increased price for over a year. Rather, plaintiff seemingly argues that the motion should be denied because there are issues of fact whether it was under duress at the time defendant increased its prices that would vitiate its obligation to pay the unpaid invoices. To the contrary, we conclude that plaintiff's failure to repudiate the agreement—i.e., by not promptly objecting to the price increases before issuing its purchase orders and paying the resulting invoices—renders any reliance on a duress defense unavailable here (see Livathinos v Vaughan, 121 AD3d 485, 486 [1st Dept 2014]; C & H Engrs. v Klagester, Inc., 262 AD2d 984, 985 [4th Dept 1999]). We therefore modify the order by granting that part of defendant's motion for partial summary judgment with respect to liability on the first counterclaim. Contrary to defendant's contention, however, issues of fact remain with respect to the amount of damages owed to defendant on the first counterclaim, and therefore the court properly denied that part of defendant's motion (see generally Zuckerman, 49 NY2d at 562).
We reject defendant's contention that the court erred in denying its motion to the extent it sought summary judgment dismissing plaintiff's breach of contract cause of action. Even assuming, arguendo, that defendant met its initial burden on the motion, plaintiff's submissions raised questions of fact with respect to whether the parties had an agreement to produce the 2.5-liter bottles, and with respect to which party was responsible for the breach of any such agreement (see generally Bridge Funding Cap LLC, 240 AD3d at 1189-1190). More specifically, there remain factual disputes over the length of the parties' agreement with respect to defendant's production of the 2.5-liter bottles, i.e., whether or not the parties agreed to produce the 2.5-liter bottles for merely a short period of time as a trial run, and with respect to which party was responsible for the decision to cease production of the 2.5-liter bottles and which party was responsible for the lack of success in producing the 2.5-liter bottles during the time defendant was producing them.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court