(92 App. Div. 294.)

SECOR v. TRADESMEN'S NAT. BANK OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ACTION BY ADMINISTRATOR—LEGAL CAPACITY TO SUE.

Where there is no defect in the appointment of an administrator, he has capacity to sue, though he has no right to maintain the action.

2. PARTIES DEFENDANT—PERSON REFUSING TO JOIN AS PLAINTIFF.

Under Code Civ. Proc. § 448, providing that, when the consent of any one who ought to be joined as a plaintiff cannot be obtained, he may be made a defendant, the administrator of a deceased partner, instituting a suit founded on the right of the surviving partner to receive money belonging to the firm, if entitled to maintain the action, properly made the surviving partner a defendant for the reason that he refused to bring the suit.

3. SAME—PROPER PARTIES.

An administrator of a deceased partner, if authorized, as standing in the place of the surviving partner, to maintain a suit to recover a fund to which the surviving partner is entitled, may maintain an action for an accounting, and is entitled to a recovery against all the persons who have acquired any part of it.

4. PARTNERSHIP—RIGHT OF SURVIVING PARTNER.

On the death of a partner, the legal title to the firm property vests in the surviving partner, who has the sole right to liquidate the affairs of the firm within a reasonable time; and the representative of the deceased partner may call on the surviving partner to account, and demand the distribution of the surplus remaining after the payment of the partnership debts.

5. SAME—RIGHT OF REPRESENTATIVE OF DECEASED PARTNER TO RECOVER FIRM ASSETS.

The administrator of a deceased partner cannot maintain an action to recover a fund in the hands of third persons, based on the theory that the surviving partner has refused to bring such an action, and has released the claim without consideration, so that the fund will be lost to the firm unless the administrator's action is allowed; the complaint containing no allegation that the firm property is sufficient to pay the firm debts.

Appeal from Special Term, New York County.

Action by Charles A. Secor, as administrator of Charles A. Secor, deceased, against David Myerle, as executor of Phineas Burgess, deceased, and others. From an interlocutory judgment overruling demurrers to the complaint, certain of the defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles M. Demond, for appellants.
Frank P. Ufford, for respondent.

HATCH, J.   The complaint avers that Phineas Burgess, Charles
A. Secor, and James F. Secor were prior to December, 1884, copartners
doing business under the firm name of Burgess & Secor; that Bur-
gess died in 1884, leaving a last will and testament, which was ad-
mitted to probate, and David Myerle was appointed his executor, and
qualified as such; that Charles A. Secor died on December 23, 1884,
and letters of administration were duly issued to William H. Secor on
January 26, 1885.   After his death, and after letters of administration
were issued, a last will and testament of the deceased was discovered.
This will was duly admitted to probate, and the plaintiff was appointed
administrator with the will annexed on May 15, 1903.   The defendant
James F. Secor is the sole surviving partner of said firm.   The com-
plaint then avers that a contract was executed by the firm with the
United States government for the construction of a war vessel, and out
of the performance of this contract a claim arose against the govern-
ment; that on July 12, 1890, an agreement respecting such claim was
entered into between Myerle, as executor, Secor, as survivor, and the
defendant Tradesmen's National Bank, a copy of which is attached to
the complaint; that pursuant to such agreement the claim against the
government was prosecuted in the Court of Claims of the United
States, and resulted in a judgment against the latter in favor of Myerle,
as executor, for the sum of $129,811.45; that this judgment was
paid by the government by delivery of its check or draft for that
amount, drawn to the order of Myerle, and was by him indorsed to
the defendant Logan, representing the firm of Logan, Demond &
Harby, attorneys.   Subsequently an action was begun by the Con-
tinental National Bank, which asserted a claim thereto.   In this action
a receiver was appointed, and the draft, or its proceeds, was turned
over to such receiver, and was deposited in court to await the result
of such action.   About April 28, 1899, final decree was entered in that
action by the consent of the defendants Logan, Demond, and Harby,
but without the knowledge or consent of James F. Secor, the survivor,
or the present plaintiff.   By the terms of such judgment the Con-
tinental National Bank was decreed to be entitled to $11,000, and the
remainder of the fund was paid over to Logan, Demond, and Harby;
that since the entry of this decree these defendants have paid to the
defendant bank and certain other persons, including the defendant
Myerle, portions of the fund; that, upon the payment of the fund by
the government, James F. Secor, as surviving partner of said firm of
Burgess & Secor, became entitled to receive the same, after deducting
therefrom the expenses of the prosecution, and such other sums as
were mentioned in the agreement; that thereafter James F. Secor, as
surviving partner, demanded of the defendant bank, and of Logan,
Demond, and Harby, payment of the money so received, but said de-
fendants refused to comply therewith; that thereafter, on October 20,
1900, Secor, as surviving partner, commenced an action against the
defendant bank, Myerle, as executor, and Logan, Demond, and Harby,
for an accounting of such sum; that thereafter, and on March 1, 1901,
Secor, as surviving partner, undertook to release any individual claim
that he might have against the bank, but that such release was with-
out consideration, and was made without authority; that thereupon

this action was discontinued; that plaintiff has duly requested James F. Secor to bring this action for an accounting of this fund, and he has refused to bring the same; that the defendant bank is insolvent. Upon these averments the plaintiff demanded judgment that the defendant bank and the defendants Logan and others be required to account for the money so received, and for the necessary disbursements and charges connected with the same, and that the defendants be required to pay over to the plaintiff the balance found to be due on such accounting; that a receiver be appointed pending the action; that the defendant Myerle, as executor, be required to account for the money which he has received; and that such order or decree be made as to the interests of the plaintiff James F. Secor as may be proper; and for such other and further relief as may seem equitable.

The agreement mentioned in the complaint provides for a prosecution of the claim against the United States, and for the distribution of the fund, if secured. The defendants separately demurred to the complaint, each upon the same grounds: First, that the plaintiff has not legal capacity to sue; second, that it appears upon the face of the complaint that there is a defect of parties plaintiff; third, that it appears upon the face of the complaint that causes of action have been improperly united; and, fourth, that the complaint does not state facts sufficient to constitute a cause of action.

So far as the first ground is concerned, the demurrer is ineffectual. The plaintiff has legal capacity to sue, even though he may not have a cause of action. There is no defect in his appointment as administrator, or at least none appears upon the face of the complaint. Consequently he has capacity to sue. There is a decided difference between a capacity to sue and the right to maintain an action. Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790; Leggett v. Stevens, 77 App. Div. 612, 79 N. Y. Supp. 289.

The second ground is without foundation. There is no defect of parties plaintiff. The action is not founded upon the contract which is referred to in the complaint. It is founded upon the right of James F. Secor, as a surviving partner of the firm of Burgess & Secor, to receive the money which was realized from the government. James F. Secor was not made a party plaintiff for the reason that he refused to bring the action. He was therefore properly made a party defendant (Code Civ. Proc. § 448), assuming that the plaintiff has the right to maintain this action.

Causes of action have not been improperly united. If the plaintiff can maintain the action as standing in the shoes of James F. Secor, the surviving partner, and he, as is averred, was entitled to receive the whole of this fund, it is clear that he can maintain an action for an accounting of the same, and have a recovery against all of the persons who acquired any part of it.

The fourth ground of demurrer proceeds upon the theory that the complaint does not state facts sufficient to constitute a cause of action, and this presents the serious question upon these demurrers. It is evident that the legal title to all of the personal property of the firm vested in the surviving partner. He had and has the sole and exclusive right to liquidate and deal with such property, for purposes of liquidation,

as fully and completely as could the partners themselves. Being sc vested with the legal title, the cause of action was in him solely and exclusively. He alone could enforce the collection of choses in action, pay debts, and liquidate the affairs of the firm. Such relation is not that of trustee of the personal representatives of the deceased copartners, although it partakes somewhat of that nature. The personal representatives of a deceased partner have an equitable right to have the assets of the partnership applied to the payment of firm debts, and to the distribution of any surplus. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460. It is stated in the syllabus of that case, "The time, manner, and mode of paying the firm's indebtedness, however, is under the exclusive control of the survivors." This is, perhaps, too broad a statement of the law, because, if the survivor had absolute control as to the time when he would liquidate, he could not be called upon to account. The right is of a reasonable time in which to liquidate the affairs of the firm. In Preston v. Fitch, 137 N. Y. 41, 33 N. E. 77, this case is cited with approval, and the rights of the representatives of the estate of a deceased partner as against the surviving partner are stated. So stated, it is the right of the personal representative to call the surviving partner to account. Undoubtedly an action, upon a proper state of facts, will lie against the surviving partner at the instance of the representatives of a deceased partner for an accounting, not as to any specific or particular thing, but as to all of his transactions as surviving partner and liquidator. The complaint in this case, however, is not based upon such theory. The theory of this complaint is that a cause of action exists in favor of Secor, as surviving partner, against the persons who have possessed themselves of this fund without right to hold the same as against him; and the plaintiff seeks to place himself in Secor's shoes, and enforce this cause of action, based upon the theory that Secor has refused to bring such an action, has released the claim without consideration, and that thereby this fund will be lost to the partnership of which he is the survivor unless the right to maintain this action is upheld. We think he must fail, for the reason that he does not show himself possessed of any beneficial interest in this fund, and he therefore has no standing to maintain the action to enforce a cause of action which is vested solely and exclusively in the surviving partner. The interest, and the sole interest, of the personal representative, is in the surplus which remains of the firm's assets after the payment and discharge of all of its obligations to creditors. Until that time arrives, he has no beneficial interest whatever in the property. In order to secure his right in this respect, he may have an action against the surviving partner, calling him to account, but he has no right to enforce claims and maintain actions to reduce to possession the assets of the partnership. It may be that an action can be maintained, based upon averments showing fraud, wasteful mismanagement, and disregard of the rights of deceased partners. In such case personal representatives may maintain an action for an accounting, and obtain the appointment of a receiver of the partnership assets, and upon the appointment of such receiver a cause of action may be vested in him to enforce the claim which is sought to be enforced in this action; but the plaintiff, as personal representative, has

no such right.   The complaint is destitute of any averment showing that the property of the firm is sufficient to pay all the debts and obligations of the copartnership, and, until such event occurs, plaintiff has no interest whatever as the personal representative of a deceased partner, as he has no more interest in the property of the copartnership which is required to pay the debts of the copartnership than any other stranger, so that it nowhere appears that he has the slightest beneficial interest in this fund.   In the face of this fact, plaintiff asks that an accounting be had of the specific fund, that it be decreed upon such accounting the sum to which the surviving partner would be entitled, and that it be paid over to the plaintiff.   If this should be granted, it would not settle the copartnership affairs.   There would be no liquidation of the firm's accounts, and the liquidator would not be authorized to receive the fund.   And this may be the result, although the personal representative has no interest whatever in this fund.   Evidently the plaintiff is vested with no such right, and consequently the complaint fails to state a cause of action.   This is for two reasons:   (1) That he has no right to maintain an action which is solely vested in the surviving partner;  (2) that he has not shown himself entitled to an accounting against the surviving partners.   Such is not his action, nor such the theory of the averments.   If he could, in any view, maintain this action, he would be required to show some beneficial interest which he has in this fund; and that will only arise when it is shown that there are no creditors of the copartnership remaining unpaid, and that there is a surplus, for which the surviving trustee should account.   In that surplus, and in that alone, he would have a beneficial interest.

The interlocutory judgment should therefore be reversed, and, as it is evident that plaintiff cannot succeed in this action, the complaint should be dismissed, with costs to the appellants.   All concur.