EUGENIA SILBERFELD, Individually and as Administratrix of the Estate of SAMUEL SILBERFELD, Deceased, Appellant-Respondent, *v.* SWISS BANK CORPORATION, Respondent-Appellant, et al., Defendants.

First Department, June 7, 1948.

*Borris M. Komar* for appellant-respondent.

*William St. John Tozer* of counsel (*Robert F. Little* with him on the brief; *White & Case,* attorneys), for respondent-appellant.

COHN, J. In November, 1936, the partnership of Silberfeld & Co., Swiss Bank Corporation and a partnership known as "Moccatta and Goldsmid, London," by written agreement executed in Europe entered into a joint venture for the purchase and sale of precious metals. The profits of the enterprise were to be divided in specified percentages amongst the three groups or entities, to wit, Silberfeld & Co., Swiss Bank Corporation and Moccatta and Goldsmid. Plaintiff as New York administratrix of the estate of her deceased husband, Samuel Silberfeld, who was a member of the partnership of Silberfeld & Co., brings this action in equity against one of the members of the joint venture, Swiss Bank Corporation, for an accounting of the profits of the venture. Swiss Bank Corporation moved for summary judgment dismissing plaintiff's complaint for the reason that the only person to whom it was obligated to account was one Heinrich Plessner, the surviving partner of Silberfeld & Co. Plaintiff demanded summary judgment in her favor directing Swiss Bank Corporation " to account to plaintiff for the share in the assets and profits in the joint venture, belonging to Samuel Silberfeld, deceased, as a co-venturer with said defendant." For the purpose of the motion for summary judgment and of this appeal, plaintiff concedes that upon the death of her husband, Plessner became the sole surviving partner of the firm of S. Silberfeld & Co. It also appears that after Silberfeld's death an accounting was had in France between Swiss Bank Corporation and Plessner and between Plessner and the administrator appointed by the Paris court of the estate of the deceased.

From the language of the agreement creating the joint venture it is clear that the partnership of Silberfeld & Co. and not the individual Samuel Silberfeld was the participant in the joint venture. The contract names " Messrs. S. Silberfeld & Cie., Paris " as the party and throughout refers to acts to be performed by " Messrs. S. Silberfeld & Cie." and it is signed " S. Silberfeld & Co." The death of Samuel Silberfeld terminated the partnership of Silberfeld & Co. and therefore resulted in the termination of the joint venture arrangement. A partnership as such can of course participate in a joint venture. Whatever is due the partnership as a member of the joint venture belongs to the partnership and must be paid over to those conducting the affairs of the partnership so that the assets can be applied in the payment of the obligations of the separate partnership. For the purpose of marshalling assets equity will regard the partnership as a legal entity apart from its members. (*Cole* v. *Reynolds,* 18 N. Y. 74, 77; *Matter of Knowlton & Co.,* 196 F. 837; *Matter of Hamilton,* 1 F. 800.)

On the death of one partner a surviving partner has the exclusive right to wind up the affairs of a partnership. Heinrich Plessner as the sole surviving partner of Silberfeld & Co., immediately became vested with title to all of the assets of the firm. He was the only one authorized to collect its assets and to demand an accounting for them. Whatever was due Silberfeld & Co. from the joint venture was an asset of Silberfeld & Co., applicable to its debts and payable to the surviving partner. Representatives of the deceased partner have no legal right to interfere in the administration of the assets. (*Williams* v. *Whedon,* 109 N. Y. 333, 338; *Preston* v. *Fitch,* 137 N. Y. 41, 56, 57; *Secor* v. *Tradesmen's National Bank,* 92 App. Div. 294, 299, 300.) Upon the facts adduced here, Samuel Silberfeld as an individual while living would have had no rights against the other members of the joint venture. Nevertheless, he could have insisted upon a proper accounting to the partnership of Silberfeld & Co., of which he was a member. Upon his death, his representatives acquired no greater rights. If persons other than the liquidating partner of a partnership could demand possession of partnership capital and assets, the orderly liquidation of partnerships as required by law would be frustrated.

The estate of a deceased partner has the right to call on the survivor to account with reference to his conduct and the partnership assets received by him. (*Losch* v. *Marcin,* 251 N. Y. 402, 410; *Williams* v. *Whedon, supra; Preston* v. *Fitch, supra; Russell* v. *McCall,* 141 N. Y. 437, 447; *Secor* v. *Tradesmen's National*

*Bank, supra.*) However, this complaint does not seek an accounting from Plessner. Though available, he has not been joined as a party to the action.

Plaintiff has no right to maintain an action which is solely vested in the surviving partner. Upon the record and concessions, defendant Swiss Bank Corporation is entitled to summary judgment dismissing plaintiff's complaint. The order insofar as it denies defendant-appellant's motion for summary judgment should, accordingly, be reversed, with $20 costs and disbursements to the defendant-appellant and defendant-appellant's motion should be granted.

Plaintiff's appeal should be dismissed.

PECK, P. J., DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Order, insofar as it denies defendant-appellant's motion for summary judgment, unanimously reversed, with $20 costs and disbursements to the defendant-appellant and the motion granted. Appeal by plaintiff dismissed. Settle order on notice.