■ REBECCA FOGEL et al., Appellants, v HELEN NEIMAN et al., Respondents. [733 NYS2d 482] —In an action, *inter alia*, to recover rent, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated December 13, 2000, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Shalom Fogel was a partner in Gracon Associates. The partnership agreement permitted any partner, acting singly, to bring an action on behalf of the partnership for rent due to Gracon Associates. Shalom Fogel commenced the instant ac-

tion on behalf of the partnership, and in the second cause of action, sought rent alleged to be due the partnership. On June 24, 1999, Shalom Fogel died, and his widow and the executrix of his estate, Rebecca Fogel, was thereafter substituted as a plaintiff in the action. Pursuant to both the partnership agreement, and Partnership Law § 62 (4), the partnership dissolved upon Shalom Fogel's death.

The Supreme Court properly dismissed the second cause of action, which was asserted on the partnership's behalf. "On the death of a partner his right in specific partnership property vests in the surviving partner or partners" (Partnership Law § 51 [2] [d]). "[I]t is well established that the representative of a deceased partner is not entitled to participate in or interfere with the continuation or winding up of the partnership by the surviving partners. The representative's only right is to demand an accounting from the surviving partners upon completion of the winding up of the partnership affairs" (*Matter of Birnbaum v Birnbaum,* 157 AD2d 177, 186; *see, Matter of Schwartzenberg,* 99 AD2d 969). Since the cause of action for rent is partnership property, the estate of Shalom Fogel had no right to continue the second cause of action, which, upon his death, vested solely in the surviving partners (*see, Silberfeld v Swiss Bank Corp.,* 273 App Div 686, *affd* 298 NY 776). S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.