■ DOMINICK TAVELLA, Respondent, v DORIS TAVELLA, Defendant. GENEVIEVE LANE LoPRESTI, Nonparty Appellant. [812 NYS2d 38]—

Order, Supreme Court, Nassau County (Joseph A. DeMaro, J.), entered on or about August 20, 2004, which, upon reargument, adhered to a prior determination to sanction the nonparty appellant for frivolous motion practice, unanimously reversed, on the law and the facts, without costs, and the sanction order vacated. Appeal from order, same court and Justice, entered January 26, 2004, which issued the original sanction, unanimously dismissed, without costs, as academic, in light of the foregoing.

Appellant is counsel for defendant wife in this matrimonial proceeding. The parties were divorced in 2001 and had agreed to share joint custody of their three school-age children who had continuously attended classes in the Massapequa School District. Plaintiff father later attempted to procure full custody of the children, asserting that defendant mother was unfit. Had the father been granted custody, he would have enrolled the children in the West Islip school system.

On September 2, 2003, after a number of motions had been made, a Justice of the Appellate Division, Second Department granted an order to show cause brought on by defendant mother. It directed that the children be returned to the mother in time to begin the school year in Massapequa, which began on September 3, 2003. Plaintiff father did not immediately comply with that order. Rather, he enrolled two of the children at their school in Massapequa on September 5, 2003 and the third on September 8, 2003, without informing appellant.

Believing that plaintiff had not complied with the September 2, 2003 order, appellant brought an application before the same Justice of the Second Department to hold plaintiff in contempt. The appellate court directed defendant to make her contempt motion in Supreme Court. She did so, and plaintiff cross-moved for sanctions. The motion court denied defendant's motion and granted plaintiff's cross motion, imposing sanctions of $1,000, plus counsel fees. Upon reargument, the IAS court adhered to its original decision. We reverse.

22 NYCRR 130-1.1 (c) allows courts to sanction attorneys for engaging in frivolous conduct, including conduct: (1) "completely without merit in law"; (2) "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another"; or (3) "assert[ing] material factual statements that are false." 22 NYCRR 130-1.1 (c) further provides that: "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the

circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party."

Here, appellant's motion was made upon a good faith belief that her client's interests were being compromised by plaintiff's failure to adhere to the court's September 2 directive to enroll the children for the school year in the Massapequa School District. There is no evidence that at the time counsel brought the motion, she knew that plaintiff had complied, or ever intended to comply, with the court's directive. There is similarly no evidence that appellant was motivated by anything other than a desire to secure the result ordered by the court in an expeditious fashion. Accordingly, the nonparty appellant's conduct was not frivolous and did not warrant the imposition of sanctions and costs pursuant to 22 NYCRR 130-1.1 (*Bahamonde v State of New York*, 269 AD2d 551 [2000]). Concur—Mazzarelli J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.