■ THOMAS H. KHEEL, Beneficiary and Remainderman of the JULIAN KHEEL FAMILY TRUST, Respondent, v JULIAN MARK KHEEL et al., Cotrustees of the JULIAN KHEEL FAMILY TRUST, et al., Defendants, and ROKEL VENTURE, Appellant. [900 NYS2d 800]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered March 4, 2009. The order, inter alia, ordered that the purchaser of certain property deposit one half of the purchase price of the property in escrow pending further order.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff is a beneficiary and remainderman of defendant Julian Kheel Family Trust (Trust), which has a 50% ownership interest in defendant Rokel Venture (Rokel), a joint venture formed by plaintiff's father and others for the purpose of buying, selling and managing commercial property. One of the cotrustees personally owns another 25% share of Rokel. Rokel is the owner of undeveloped real property located adjacent to the campus of Rochester Institute of Technology (hereafter, property). A real estate development corporation purchased an option to buy the property from Rokel for $600,000. Believing that the property would better serve the purposes of the Trust if it were leased rather than sold, plaintiff commenced this action seeking, inter alia, to remove the cotrustees, and he filed a notice of pendency. Rokel moved to cancel the notice of pendency pursuant to CPLR article 65, seeking costs, disbursements and attorneys' fees, and plaintiff cross-moved to remove the cotrustees. Supreme Court granted the motion on the ground that the Trust, and thus plaintiff, had no ownership, possessory, or usage interest in the property but rather had only a 50% interest in Rokel, which was an interest in personal property rather than real property (see generally 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 316, 321 [1984]; Felske v Bernstein, 173 AD2d 677, 678 [1991]; Liffiton v DiBlasi, 170 AD2d 994 [1991]). The court also denied the cross motion and ordered the purchaser of the property to deposit one half of the purchase price of the property in escrow pending further order of the court.

We agree with Rokel that the court erred in ordering that one half of the purchase price of the property be deposited in escrow, and we therefore modify the order accordingly. The court

determined that plaintiff's notice of pendency was improperly filed because the action to which it related did not "affect the title to, or the possession, use or enjoyment of" the property as required by CPLR 6501 (*see generally 5303 Realty Corp.*, 64 NY2d at 321). The cancellation of a notice of pendency for failure to comply with CPLR 6501 is not a proper basis for an escrow of funds relating to the property that was the subject of the improper notice of pendency, and CPLR article 65 does not provide for an escrow of such funds. The court's reliance on our decision in *Liffiton v DiBlasi* (170 AD2d 994 [1991]) is misplaced because, in that case, the defendants sought an order approving the sale of the property at issue on the condition that the proceeds be held in escrow as alternate relief in their motion to dismiss the complaint (*id.*).

Finally, because the court failed to address that part of Rokel's motion seeking costs, disbursements and attorneys' fees, we remit the matter to Supreme Court to determine that part of the motion. Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.