KAREN GROSS et al., Respondents-Appellants, v MARVIN NEIMAN et al., Appellants-Respondents, and M&T BANK, Respondent, et al., Defendant. [48 NYS3d 29]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered May 6, 2015, which granted defendants Marvin Neiman, Gracon Associates (Gracon), Gracon Properties LLC (Properties), and Concourse Rehabilitation & Nursing Center, Inc.'s (collectively, the Gracon defendants) motion to dismiss the first, second, and fifth causes of action in the original complaint, denied their motion to vacate the notice of pendency, and granted plaintiffs' request to amend the caption to add Gracon Holdings LLC (Holdings) as a defendant, unanimously modified, on the law, to vacate the notice of pendency, and otherwise affirmed, without costs. Order, same court and Justice, entered October 16, 2015, as amended by order entered November 2, 2015, which, to the extent appealed from as limited by the briefs, denied the Gracon defendants' motions to vacate the notice of pendency and to dismiss the first, second, and fifth causes of action in the amended complaint, and granted defendant M&T Bank's motion to dismiss the complaint as against it, unanimously modified, on the law, to grant the Gracon defendants' motions, and otherwise affirmed,

without costs. The Clerk is directed to enter judgment dismissing the complaint as against M&T Bank.

Plaintiffs lacked standing to assert the first, second, and fifth causes of action in the original complaint against the Gracon defendants. Section 12 (b) of the partnership agreement expressly prohibits plaintiffs, as assignees, from participating in the management or administration of the partnership, rendering them entitled only to receive a copy of the partnership's annual statement. Plaintiffs' assertions on appeal—both that Neiman is a partner in Gracon and that Gracon is an existing partnership—are contradictory to the allegations in the original complaint (*see Kwiecinski v Chung Hwang*, 65 AD3d 1443 [3d Dept 2009]). The argument that the partnership agreement should not be considered in determining whether plaintiffs may assert the claims against the Gracon defendants is unpersuasive since plaintiffs received their interests in Gracon from one of the original partners (Shalom Fogel) pursuant to the partnership agreement.

Pursuant to both the partnership agreement and Partnership Law § 62 (4), Gracon was dissolved at Fogel's death (*Fogel v Neiman*, 288 AD2d 429 [2d Dept 2001]). Plaintiffs did not become partners of Gracon by virtue of the dissolution (*see* Partnership Law § 40 [7] ["No person can become a member of a partnership without the consent of all the partners"]). Moreover, on the death of a partner, the surviving partners have the exclusive right to wind up the affairs of the partnership (Partnership Law § 51 [2] [d]); the representative of the deceased partner does not have any right to participate or interfere with the management of the partnership (*Silberfeld v Swiss Bank Corp.*, 273 App Div 686 [1st Dept 1948], *affd* 298 NY 776 [1948]).

The first, second, and fifth causes of action in the amended complaint should be dismissed as "a mere repackaging of previously dismissed claims" (*DiPasquale v Security Mut. Life Ins. Co. of N.Y.*, 293 AD2d 394, 395 [1st Dept 2002]).

In view of our holding that plaintiffs lacked standing, we need not consider their allegations that Neiman failed to satisfy conditions precedent to exercising his purchase options.

The complaint was correctly dismissed as against defendant M&T Bank, a bona fide encumbrancer for value that had no notice of Neiman's lack of authority to convey the subject property on behalf of Gracon (*see* Real Property Law § 266; *Fleming-Jackson v Fleming*, 41 AD3d 175, 176 [1st Dept 2007]). Contrary to plaintiffs' contention, M&T Bank "[did] not have a duty of care to ascertain the validity of the documentation pre-

sented by an individual who claims to have the authority to act on behalf of a borrower corporation or entity" (*334 Corp. v Jericho Plaza, LLC*, 128 AD3d 679, 679 [2d Dept 2015]).

The notice of pendency should be vacated since plaintiffs have no legitimate claim to the real property of the partnership; their interest amounts to personal property, which does not entitle them to a notice of pendency (*see* CPLR 6501; *General Prop. Corp. v Diamond*, 29 AD2d 173, 176 [1st Dept 1968]; *see also Sealy v Clifton, LLC*, 68 AD3d 846 [2d Dept 2009]). Plaintiffs' claims for breach of fiduciary duty and an accounting do not entitle them to the filing of a notice of pendency, since these causes of action relate to their claim of an ownership interest in the partnership, not to any claim of an ownership interest in the real property itself (*see Delidimitropoulos v Karantinidis*, 142 AD3d 1038 [2d Dept 2016]).

The motion court providently exercised its discretion in granting plaintiffs' request to add Holdings to the caption of this action, since Holdings was designated as a defendant in the body of the original complaint, the Gracon defendants acknowledged in their answer that Neiman was the managing member of Holdings, and no prejudice has been claimed or shown as a result of the inadvertent omission (*see e.g. Fink v Regent Hotel*, 234 AD2d 39, 41 [1st Dept 1996]).

The court providently exercised its discretion in considering plaintiffs' surreply.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.