Renfro v Herrald (2022 NY Slip Op 03593)

Renfro v Herrald

2022 NY Slip Op 03593

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

171 CA 21-01048

[*1]PAMELA RENFRO, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF RENFRO-HERRALD HOSPITALITY, LLC, PLAINTIFF-RESPONDENT,
v
ANGELA HERRALD, DAVID STEITZ AND HERRALD-STEITZ PROPERTIES, LLC, DEFENDANTS-APPELLANTS. 

BOND, SCHOENECK & KING, PLLC, ROCHESTER (JEFFREY F. ALLEN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (PETER J. WEISHAAR OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered June 25, 2021. The order, among other things, denied defendants' motion to cancel a notice of pendency and for attorneys' fees. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion insofar as it sought to cancel the notice of pendency and as modified the order is affirmed without costs.
Memorandum: The parties entered into a business arrangement to operate an inn on real property in the Village of Fairport (property), which property was purchased by defendants Angela Herrald and David Steitz together with Steitz's mother. The parties' business plan contemplated the formation of two LLCs, one formed by plaintiff and Herrald to operate the inn's business (Hospitality LLC), and the other formed by Herrald and Steitz (Properties LLC) to which title to the property was transferred. Hospitality LLC rented the property from Properties LLC.
In 2020, as a consequence of the COVID-19 pandemic, Herrald and Steitz spoke to plaintiff about the inn's alleged financial struggles. Ultimately, Herrald and Steitz directed plaintiff to stop taking reservations for the inn, and announced their intent to use the property as their personal residence. Thereafter, Herrald and Steitz moved into the property.
Plaintiff commenced this action, asserting, inter alia, causes of action alleging that defendants breached a purported joint venture agreement between the parties, as well as their fiduciary duties as joint venturers. Plaintiff sought, inter alia, an order directing the liquidation of the joint venture's assets, which allegedly included the property, as well as equitable distribution among the parties of the proceeds from the liquidation. Plaintiff then filed a notice of pendency on the property, and defendants filed a motion seeking to cancel the notice of pendency and for attorneys' fees. Defendants appeal, as limited by their brief, from the ensuing order insofar as it effectively denied their motion in its entirety.
"A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). Because the provisional remedy of a notice of pendency is an " 'extraordinary privilege' " (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320 [1984]), the Court of Appeals has held that to be entitled to that remedy, there must be a "direct relationship" between the relief sought in the complaint and the title to or possession of the disputed property (id. at 321). In making that determination, a court must use "a narrow [*2]interpretation," and its "analysis is to be limited to the pleading's face" (id.).
Here, we agree with defendants that Supreme Court erred in denying their motion insofar as it sought to cancel the notice of pendency because there was no direct relationship between title to or possession of the property and the relief sought by plaintiff. We therefore modify the order accordingly. Reviewing the complaint on its face, we conclude that plaintiff seeks merely to enforce her purported 50% share in the joint venture and does not assert an interest in the property itself. Indeed, the complaint alleges that title to the property was, at all relevant times, held by Properties LLC, of which plaintiff was not a member. It is well settled that
" 'the legal consequences of a joint venture are equivalent to those of a partnership' " (Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off. & City of Oswego, 137 AD3d 1707, 1707 [4th Dept 2016]), and thus a joint venturer's interest in a joint venture constitutes an interest in only personal property, not real property, thereby precluding recourse to a notice of pendency (see Kheel v Kheel, 72 AD3d 1543, 1544 [4th Dept 2010]; Freidus v Sardelli, 192 AD2d 578, 580 [2d Dept 1993]; Walsh v Rechler, 151 AD2d 473, 473 [2d Dept 1989]; see generally Gross v Neiman, 147 AD3d 505, 507 [1st Dept 2017]; Liffiton v DiBlasi, 170 AD2d 994, 994 [4th Dept 1991]).
Although in the complaint plaintiff requested that the property be sold, there is no direct relationship between the requested relief, i.e., satisfaction of plaintiff's claim on 50% of the purported joint venture's assets, and ownership or possession of the property. Plaintiff did not assert that she was entitled to 50% of the property itself, and the conclusion that sale or other disposition of the property would be necessary to satisfy her claim is speculative (see generally Kheel, 72 AD3d at 1544; Freidus, 192 AD2d at 580; General Prop. Corp. v Diamond, 29 AD2d 173, 175 [1st Dept 1968]).
Further, even assuming, arguendo, that plaintiff is correct in her assertion that the complaint sought to impose a constructive trust on the property, we conclude that this would still not entitle plaintiff to a notice of pendency here because her "claim does not relate directly to an interest in real property but relates rather to h[er] rights in the" joint venture (21/23 Ave. B Realty LLC v 21 & 23 Ave B, LLC, 191 AD3d 456, 458 [1st Dept 2021]).
Finally, we have reviewed defendants' remaining contention and conclude that it lacks merit.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court