Pappas v B & G Holding Co. (2022 NY Slip Op 05280)

Pappas v B & G Holding Co.

2022 NY Slip Op 05280

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 35136/20 Appeal No. 16287 Case No. 2021-04073 

[*1]Dean George Pappas, as the Executor of the Estate of William Egan, et al., Plaintiffs-Appellants,
v
B & G Holding Co., Doing Business as B & G Holding Company et al., Defendants-Respondents.

Ahearne Law Firm, PLLC, Warwick (Allan J. Ahearne, Jr. of counsel), for appellants.
Piana & Gioe, LLC, Hauppauge (Jack Piana of counsel), for respondents.

Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered October 8, 2021, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 and cancel the notices of pendency, unanimously modified, on the law, to deny the motion as to the second cause of action for an accounting, and otherwise affirmed, without costs.
The first cause of action to wind up B & G was properly dismissed. "[O]n the death of a partner, the surviving partners have the exclusive right to wind up the affairs of the partnership; the representative of the deceased partner does not have any right to participate" (Gross v Neiman, 147 AD3d 505, 506 [1st Dept 2017] [internal citation omitted]).
However, the second cause of action for an accounting should not have been dismissed. Partnership Law § 74 states, "The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners . . . at the date of dissolution, in the absence of an agreement to the contrary." (emphasis added). The record contains no agreement to the contrary. B & G was dissolved by Egan's death (see Partnership Law § 62[4]; Storer v Ripley, 12 Misc 2d 662, 666 [Sup Ct, NY County]). The representative of a deceased partner has the "right . . . to demand an accounting from the surviving partners upon completion of the winding up of the partnership affairs" (Fogel v Neiman, 288 AD2d 429, 430 [2d Dept 2001]).
Further, the court properly vacated the notices of pendency (see Gross, 147 AD3d at 507). A partnership interest "amounts to personal property, which does not entitle [plaintiff] to a notice of pendency" (id.), even if the partnership owns real property.
For the same reason the third cause of action for partition of B & G's real estate was correctly dismissed. "Partition is [the] division of . . . property between co-owners" (24 NY Jur 2d, Cotenancy and Partition § 116; see also id. § 144 ["An action for partition cannot be maintained except by one holding title to the real property in question"]). The subject real estate has only one owner: B & G. In any event, even if partnership real estate is subject to partition, a partition action cannot be brought when there has been no accounting (see id. §§ 134, 157).
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022