| **Cruzado v Samadder** |
|:---:|
| 2024 NY Slip Op 32421(U) |
| July 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153187/2021 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DENISE M DOMINGUEZ**              PART                     35

*Justice*

-----------------------------------------------------------------------X

KEVEN CRUZADO

                               Plaintiff

- v -

UTTAM SAMADDER, METROPOLITAN TRANSPORTATION
AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY,
AMERICAN TRANSIT INSURANCE COMPANY, PHILLIP
RABINOWITZ

                             Defendants

-----------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 153187/2021 |
| MOTION SEQ. NO. | 003 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108

were read on this motion to/for            AMEND CAPTION/PLEADINGS

For the reasons that follow, Plaintiff's second motion to amend the complaint is denied and the cross motion for sanctions by Defendants, Metropolitan Transportation Authority and New York City Transit Authority (Transit) is also denied.

## *Background*

This personal injury matter arises out of a motor vehicle accident between a Honda vehicle (Honda) and a Toyota vehicle (Toyota) in Queens County on December 31, 2019. It is alleged that the Honda, operated by Rayon Morgan became disabled and was stopped on the right lane of the road when the Toyota operated by Defendant Uttam Samadder (Samadder) and owned by Defendant Phillip Rabinowitz (Rabinowitz), hit the Honda. It is further alleged that at that time and date of the accident, the Toyota was operating under an Access-a-Ride vehicle in conjunction

**153187/2021   CRUZADO, KEVEN vs. SAMADDER, UTTAM ET AL**
**Motion No.  003**

Page 1 of 5

with Transit's Access-a-Ride/paratransit program. Plaintiff Kevin Cruzado was a passenger in the Toyota and alleges sustaining serious injuries.

Pre-note of issue and prior to discovery conferences, Defendant Transit moved pursuant to CPLR 3211 to dismiss Plaintiff's second cause of action for negligent hiring, training, supervising and retention. Transit also moved to dismiss an unpled cause of action for negligent entrustment raised in Plaintiff's bill of particulars. Plaintiff opposed and cross-moved to amend the complaint. By Order of this Court dated May 15, 2023, Motion Seq. 1, Transit's motion was granted, Plaintiff's cross-motion was denied without prejudice, and the parties were ordered to submit a proposed preliminary conference order by July 10, 2023.

Plaintiff now moves again pursuant to CPLR 3025[b] to amend the complaint. Plaintiff alleges that the proposed additions should be granted as they solely amplify the already plead causes of actions for negligence and respondent superior against Transit and Rabinowitz. Transit opposes and alleges that Plaintiff's motion should be denied on the grounds that it is attempting to add dismissed causes of actions and that the new allegations are devoid of merit. Transit also cross-moves for sanctions.

## *Discussion*

### *Plaintiff's Motion to Amend the Complaint*

Pursuant to CPLR 3025 [b], a party at any time may freely amend or supplement their pleadings by setting forth additional or subsequent transactions or occurrences with leave of court or by stipulation by both sides (CPLR 3025 [b]). While courts generally grant such motions, the proposed additions must be just, absent of prejudice and surprise to the opposing side, may not be lacking in merit, and may not circumvent a prior dismissal order (see CPLR 3025[b], *Panto v JM Salvage Co.*, 157 AD2d 582 [1st Dept 1990]; *Jacobson v McNeil Consumer & Specialty Pharm*,

**153187/2021 CRUZADO, KEVEN vs. SAMADDER, UTTAM ET AL**
Motion No. 003

Page 2 of 5

68 AD3d 652 [1st Dept 2009]; *MBIA Ins. Corp. v. Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]; *Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v. Salomon Bros. Int'l*, 268 A2d 373 [1st Dept 2000]; *Gross v. Neiman*, 147 AD3d 505 [1st Dept 2017]; *DiPasquale v Security Mutual Life Insurance*, 293 A.D.2d 394 [1st Dept 2002]).

Here, Plaintiff's most substantive proposed additions concern Rabinowitz's and Transit's failure to qualify the driver and properly administer the Access-A-Ride program. For example, Plaintiff's proposed new paragraphs #35 and #37 read:

"Defendant Rabinowitz and Defendant NYCTA owed a duty to Plaintiff to exercise reasonable care in ensuring that their operators, employees, agents, and assigns were properly qualified to operate AAR vehicles, to do so in a non-negligent manner, and to ensure that they are properly qualified in all motor vehicle harm-reduction and collision-avoidance procedures/techniques."

"Furthermore, Defendants NYCTA, MTA and Rabinowitz were negligent in that they did not ensure that Defendant Samadder was properly qualified in collision-avoidance procedures, and failed to ensure that Defendant Samadder was properly qualified to operate a motor vehicle in a manner which would minimize any potential damages in the event of a collision. Moreover, Defendants NYCTA, MTA and Rabinowitz negligently failed to ensure Defendant Samadder was properly qualified to operate the Vehicle, in that they failed to take measures to ensure that Defendant Samadder was fully qualified to operate a motor vehicle in a non-negligent manner of the date of the collision" (NYSCEF Doc. 63).

**153187/2021   CRUZADO, KEVEN vs. SAMADDER, UTTAM ET AL**
**Motion No. 003**

Page 3 of 5

3 of 5

Upon review, Plaintiff rather that complying with this Court's Order to submit a proposed preliminary conference order, moved to amend the complaint without submitting any additional discovery and without any showing that such amendments would be sufficiently palpable and not deprived of merit (*MBIA Ins. Corp.*, 74 AD3d 499). Furthermore, granting such amendments would circumvent this Court's prior decision dismissing the cause of action for negligent training, supervision, hiring and retention and the cause of action for negligent entrustment against Transit (*see Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes*, 268 A2d 373; *Gross*, 147 AD3d 505; *DiPasquale*, 293 A.D.2d 394). Accordingly, Plaintiff's motion to amend is denied.

## Transit's Cross-Motion for Sanctions

Transit also cross-moves for sanctions pursuant to 22 NYCRR §130–1.1(a), seeking attorney's fees related to Plaintiff's filing of this instant motion.

It is important to note that this Court denied Plaintiff's initial motion to amend without prejudice as Plaintiff did not offer any showing for the proposed additions. Also, by Order of this Court dated May 8, 2023, Motion Seq. 2, a separate action commenced in Queens County Supreme Court by Honda driver, Plaintiff, Rayon Morgan, against the owner and operator of the Toyota, Defendants Rabinowitz and Samadder was consolidated with this action.

In light of the above and the circumstances relating to this motion, this Court finds that Plaintiff's conduct does not rise to the level of frivolous conduct at this time (see e.g. *Tavella v Tavella*, 25 AD3d 523 [1st Dept 2006]). Accordingly, the cross-motion for sanctions is also denied.

It is therefore

ORDERED that Plaintiff's second motion to amend the complaint is denied in its entirety; it is further

ORDERED that Transit's cross-motion for sanctions is also denied; it is further

**153187/2021  CRUZADO, KEVEN vs. SAMADDER, UTTAM ET AL**
**Motion No.  003**

Page 4 of 5

ORDERED that within 20 days, counsel for Plaintiff shall serve a copy of this Order with notice of entry upon all parties and the Clerk of the Court; it is further

ORDERED that this action is transferred to Part 21; and it is further

ORDERED that the parties are to contact Part 21 within 30 days of entry of this Order to schedule a preliminary conference in compliance with Court rules and the existing Part 21 rules.

| 7/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DENISE M DOMINGUEZ, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**153187/2021  CRUZADO, KEVEN vs. SAMADDER, UTTAM ET AL**
Motion No.  003

Page 5 of 5