| |
|---|
| **Pfanner v Anderson** |
| 2024 NY Slip Op 32576(U) |
| July 25, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509789/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
--------------------------------------x
ANDREAS PFANNER, individually and in the
right of POK 325 MAIN, LLC,

                                    Plaintiff,          Decision and order

            - against -                                Index No. 509789/2024

ERIC GUSTAVE ANDERSON, URBAN GREEN
EQUITIES, LLC, POK MILL HOUSING
DEVELOPMENT FUND CORPORATION, POK 325
MAIN LLC, WALLACE CAMPUS MANAGER LLC,
                                    Defendants,        July 25, 2024
--------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                          Motion Seq. #5 & #8

The defendant Wallace Campus Manager LLC [hereinafter 'Wallace'] has moved pursuant to CPLR §3211 seeking to dismiss the amended complaint as it pertains to them. The plaintiff has moved seeking to reargue a vacatur of a temporary restraining order. The motions have been opposed respectively. Papers were submitted by the parties after reviewing all the arguments this court now makes the following determination.

According to the amended complaint the defendant Eric Gustave Anderson sold property located at 325 Main Street Poughkeepsie, New York. The plaintiff asserts the property was owned by Pfanner and Anderson, through entities they own together. The amended complaint seeks to set aside that sale on the grounds it occurred without the plaintiff's knowledge or consent. Wallace has now moved seeking to dismiss all the causes of action on the grounds they fail to allege any facts necessary to support the allegations.

[*1]

## Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

Hercules Argyriou, a representative of Wallace submitted an affidavit and asserts that POK 325 Main LLC represented itself as the sole owner of the property and that defendant Anderson, who signed on behalf of the corporate entity had the authority to execute the contract. Thus, Wallace insists they are good faith purchasers and the lawsuit as to them must be dismissed. The plaintiff presents numerous arguments why the sale to Wallace should be voided. First, that Wallace knew Pfanner was an owner of the corporate entity and should have known that Anderson did not have sole authority to enter into the contract. Further, the

2

plaintiff argues Wallace participated in the sale knowing of Pfanner's interests and ignoring them to Anderson's benefit. However, it is well settled that an "intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led" (Fairmont Funding Ltd., v. Stefansky, 301 AD2d 562, 754 NYS2d 54 [2d Dept., 2003]). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (id).

In this case there are no inquiries or investigations which Wallace should have undertaken. Wallace was presented with a contract and all the indicia of ownership on the part of POK 325 Main LLC and Anderson. There was no basis for Wallace to wonder and then inquire whether Anderson, in fact, had the authority to engage in the sale or to engage in further diligence (cf., Emigrant Bank v. Drimmer, 171 AD3d 1132, 99 NYS3d 79 [2d Dept., 2019]). Thus, the affidavit of Mr. Argyriou unmistakably demonstrate that Wallace had no knowledge of Pfanner, had no reason to have knowledge of Pfanner and did not fail to exercise due diligence by not making any further inquiries. Therefore, Wallace was a bona fide purchaser as a matter of law.

The plaintiff argues that Wallace received the property through Anderson's fraudulent means. It is true that one cannot be a bona fide purchaser through a forged deed and that such forged

3

[*3]

deed does not convey title (Public Administrator of Kings County v. Evans, 298 AD2d 512, 750 NYS2d 301 [2d Dept., 2002]). In Faison v. Lewis, 25 NY3d 220, 10 NYS3d 185 [2015] the Court of Appeals explained that a deed that contains a forged signature is a fraudulent deed which conveys no title. However, a deed "where the signature and authority for conveyance are acquired by fraudulent means" is voidable and does convey good title. The court stated that a deed containing the title holder's actual signature reflects "the assent of the will to the use of the paper or the transfer, although it is assent induced by fraud mistake or misplaced confidence" (id). Consequently, such a deed "clothed with all the evidences of good title, may incumber the property to a party who becomes a purchaser in good faith" (id). Therefore, in Shau Chung Hu v. Lowbet Realty Corp., 161 AD3d 986, 78 NYS3d 150 [2d Dept., 2018] the court held an individual who executed a deed obtained by fraudulent means could convey the deed to the bona fide purchasers since there was no allegation the individual's signature was forged.

Likewise, in this case, there is no allegation Anderson's signature was forged, rather that he lacked authority to transfer the property to Wallace. Even if true, and Pfanner can pursue such claims against Anderson, that does not render the deed void, making possession by Wallace unlawful. Rather, Wallace maintains valid title since such title was obtained by them from Anderson who, it is alleged, only utilized fraudulent means to obtain any authority himself. In these circumstances, if true, Anderson maintained

4

[*4]

voidable title and thus Wallace obtained good title.

For these reasons the motion seeking to reargue the dismissal of the restraining order is denied. Even if Anderson was also a member of a Wallace entity such knowledge would not remove Wallace's status as a bona fide purchaser. Further, the plaintiff does not maintain any individual interests in the actual corporate property and therefore cannot seek to restrain any such property (Gross v. Neiman, 147 AD3d 505, 48 NYS3d 29 [1st Dept., 2017]). Therefore, the plaintiff cannot restrain Wallace's ability to utilize the property. Any claims the plaintiff has regarding the value of such property are claims on directed against Anderson.

Therefore, the causes of action that pertain to Wallace are all dismissed and the motion by Wallace seeking to dismiss all the claims is granted. The motion seeking to reargue the dismissal of the restraining order is denied.

So ordered.

ENTER:

DATED: July 25, 2024
        Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

5