Matter of Roth & Roth, LLP v Long Is. R.R. (2025 NY Slip Op 02137)

Matter of Roth & Roth, LLP v Long Is. R.R.

2025 NY Slip Op 02137

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 158366/22|Appeal No. 4085|Case No. 2024-00739|

[*1]In the Matter of Roth & Roth, LLP, Petitioner-Appellant,
v
Long Island Railroad, et al., Respondents-Respondents.

Roth & Roth, LLP, New York (David A. Roth of counsel), for appellant.
Landman Corsi Ballaine & Ford P.C., New York (Rani Shulman of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered January 31, 2024, which, to the extent appealed from as limited by the briefs, upon renewal, partially denied the petition to annul the determinations of respondents, the Long Island Railroad (LIRR) and Metropolitan Transportation Authority (MTA), dated May 31, 2022, and June 21, 2022, denying petitioner's requests for records pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and denied petitioner's request for sanctions, unanimously affirmed, without costs.
Petitioner submitted a FOIL request for accident report non-employee (ARNE) reports concerning accidents that occurred at the Syosset LIRR station from 2010 to 2022. MTA denied the requests as "not reasonably described," citing Public Officers Law § 89(3)(a) and explaining that LIRR maintained ARNE reports only in hard copy and could not search for them by accident location or date.
In opposition to the petition to annul that determination, MTA submitted an affidavit from Kristin Woodhouse, LIRR's Director of Claims and Investigations, the department that receives and processes ARNE forms. Woodhouse stated that LIRR did not make digital copies of paper ARNE reports and did not maintain an electronic database that could search for the reports using petitioner's criteria. The court denied the petition in reliance on the Woodhouse affidavit.
Petitioner moved to renew and submitted deposition testimony from an unrelated case from Latchman Singh, the Director of Operational Safety Statistics and Reporting in LIRR's Corporate Safety Department. Singh testified that his department maintains ARNE reports in digital form and could search for them by location and date. Petitioner requested an evidentiary hearing, sanctions and attorneys' fees.
In partial opposition to the motion, MTA acknowledged that its prior information was incomplete and agreed to produce the ARNE reports with ARNE reporters' names, contact information, and accident dates redacted pursuant to Public Officers Law §§ 87(2)(b) and 89(2). MTA submitted an affidavit from an attorney in its FOIL unit, who stated that the FOIL Unit did not consult Singh's department and was unaware of its recordkeeping practices. MTA also submitted a supplemental affidavit from Woodhouse, who stated that her earlier affidavit was based on her personal knowledge of her department's practices, that her prior statements were true with respect to that department, and that she was unaware of Singh's departments' practice of digitizing ARNE reports.
The motion court granted the motion to renew, directed MTA to produce responsive ARNEs, upheld the redactions with the exception of the accident dates, and denied petitioner's request for sanctions.
MTA's redaction from the records of ARNE reporters' names and contact information was permissible to prevent "an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b[*2]]). FOIL permits an agency to "redact . . . documents so as to preserve the privacy of [individuals] identified therein" (Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 160 [1st Dept 2010]; see Public Officers Law § 89[2][c][i]). ARNE reporters' interest in maintaining their privacy outweighs the public interest in releasing their names and contact information, since the redacted reports sufficiently further the public interest in investigating safety issues on public transit (see Matter of Massaro v New York State Thruway Auth., 111 AD3d 1001, 1003-1004 [3d Dept 2013]).
The court's denial of petitioner's request for sanctions was not "a clear abuse of discretion" (Grozea v Lagoutova, 67 AD3d 611, 611 [1st Dept 2009]). There is no evidence that MTA's FOIL Unit or Woodhouse knew that ARNEs could be accessed electronically at the time of the agency's FOIL denials or answer to the petition, and MTA promptly produced the records once that fact became clear (see Gowen v Helly Nahmad Gallery, Inc., 226 AD3d 619, 619-620 [1st Dept 2024]; Tavella v Tavella, 25 AD3d 523, 524- 525 [1st Dept 2006]; 22 NYCRR 130-1.1[c]).
Petitioner's remaining contentions were not raised before Supreme Court, which we decline to consider.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025